■ STEVE PINTO, Respondent, v PYRAMID TIRE, INC., Appellant, et al., Defendant. [597 NYS2d 714] —In an action to recover damages for personal injuries, the defendant Pyramid Tire, Inc., appeals from so much of an interlocutory judgment of the Supreme Court, Kings County (Lodato, J.), dated August 28, 1990, as, upon denying its motion to set aside the jury's verdict against it on the issue of liability in an order dated December 14, 1988, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the facts, the order dated December 14, 1988, is vacated, the motion to set aside the verdict against it is granted, and the appellant is granted a new trial on the issue of liability, with costs to abide the event.

This action arises from a one-car accident that allegedly occurred on or about August 31, 1979. The plaintiff claims that the accident occurred when three tires on his car suddenly blew out at the same time. The plaintiff testified that he had purchased five new tires, including the three tires in question, from the defendant Pyramid Tire, Inc. (hereinafter Pyramid), in or about the middle of August 1979, although he did not get a receipt for their purchase. The tires were manufactured by the defendant Firestone Tire and Rubber Company (hereinafter Firestone). According to the plaintiff's testimony, the tires had about 2,000 miles of use at the time of the accident and had never been repaired.

The plaintiff sued both Firestone and Pyramid on various theories of liability including negligence, strict products liability, and breach of warranty. The court dismissed the causes of action based on a negligence theory and submitted the case to the jury solely on the theories of strict liability and breach of warranty. In support of these theories, the plaintiff adduced testimony from an automotive consultant and accident investigator, who expressed an opinion that the tires failed because of a defect in the vulcanization process at the time of manufacture. However, the expert conceded during cross-examination that one of the tires he examined had been repaired twice.

The jury found that the tires failed as a result of a manu-

facturing defect. The jury apportioned liability, finding Firestone 10% at fault in the happening of the accident, Pyramid 80% at fault in the happening of the accident, and the plaintiff 10% at fault in the happening of the accident. Pyramid moved to set aside the verdict pursuant to CPLR 4404 (a), claiming it was against the weight of the credible evidence. The court denied the motion. We now reverse, and grant Pyramid a new trial.

The courts may set aside a jury verdict and grant a new trial when the jury's determination is palpably incorrect and a substantial injustice would be done if the verdict were sustained (see, Nordhauser v New York City Health & Hosps. Corp., 176 AD2d 787, 789). Weight of the evidence analysis involves a balancing of many factors (see, Cohen v Hallmark Cards, 45 NY2d 493, 498-499). The operative factor in the determination that a jury's verdict should be set aside is a finding that the jury could not have reached that verdict by any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129, 134). The standard of fair interpretation is applied whether the verdict is in favor of the plaintiff or the defendant (see, Nordhauser v New York City Health & Hosps. Corp., supra; Nicastro v Park, supra; O'Boyle v Avis Rent-A-Car Sys., 78 AD2d 431, 439). Upon our review of the evidence in this case, we conclude that the jury's verdict finding that the tires failed because of a manufacturing defect does not rest upon a fair interpretation of the credible evidence, and a new trial is therefore warranted pursuant to CPLR 4404 (a).

The plaintiff's expert, who concededly was not an engineer, and had no formal training in the area of tire manufacture, concluded that the tires in question failed because of a defect in the vulcanization process, but he could not say whether they had been overcured or undercured. In formulating his opinion, the witness did not take into account the fact that one of the tires had been repaired twice. The witness also conceded that he did not test the tires with a durometer, an instrument used to measure the hardness of a finished tire.

The defense expert, who was a mechanical engineer with extensive experience in the area of tire manufacture, tested the tires with a durometer. He concluded that the tires were of sufficient stiffness and rigidity and were properly vulcanized. He concluded further that the tires failed because of either improper inflation and/or improper repairs. He stated that the probability of three properly inflated tires failing at the same time is close to zero. According to the defense witness, it was more likely that one of the tires failed because

of reasons unrelated to the manufacturing process, and the other tires were then torn apart when they came into contact with something as a result of the accident.

The court may set aside a jury verdict where, as here, it appears that the unsuccessful litigant's evidentiary position was particularly strong compared to that of the prevailing party *(see, Bernard v Block,* 176 AD2d 843, 845-846; *Nicastro v Park, supra,* at 136). We find the evidence in this case preponderates in favor of a finding that the tires did not fail because of a manufacturing defect. The jury's apportionment of liability for the accident supports our conclusion. As submitted to the jury in this case, the basis for imposing liability, which was the same as against both Pyramid and Firestone, was premised on a finding that the tires in question were defective at the time they left Firestone's manufacturing plant *(see, Cover v Cohen,* 61 NY2d 261). The jury was not instructed to consider the alternate theory, advanced by the plaintiff for the first time on appeal, that Pyramid was more responsible than Firestone because it allegedly sold the tires despite knowledge that the manufacturer had previously issued a recall notice. In addition, contrary to the argument made by the plaintiff in opposition to the motion to set aside the jury verdict, there was no evidence that Pyramid had made a negligent repair to one of the tires which failed. In any event, this theory was never submitted to the jury for consideration. It therefore appears that the jury either failed to follow the court's instructions or considered evidence that could not be used as a basis for a liability verdict against Pyramid. Under the circumstances, the proper remedy is a new trial.

In light of our determination that the liability verdict was against the weight of the evidence, we do not address Pyramid's remaining contentions. Bracken, J. P., Eiber, Ritter and Santucci, JJ., concur.