■ GRACE V. JOHNSON et al., Respondents, v HALLAM ENTERPRISES, LTD., Doing Business as DON'S DELI, Appellant, and ARTHUR FRIES REFRIGERATION, INC., Doing Business as HOOSE & FRIES APPLIANCE STORE AND APARTMENTS, Respondent. [617 NYS2d 405] —Cardona, P. J. Appeals from an order and judgment and an amended order and judgment of the Supreme Court (Connor, J.), entered September 14, 1993 and November 5, 1993 in Greene County, which, *inter alia,* denied a motion by defendant Hallam Enterprises, Ltd. to set aside the verdict rendered against it.

On October 24, 1991, plaintiff Grace V. Johnson (hereinafter plaintiff), a patron of Don's Deli, a grocery store owned and operated by defendant Hallam Enterprises, Ltd. (hereinafter defendant), sustained injuries when she fell into the cellar through an open trapdoor located in the middle of one of the store's four shopping aisles. Plaintiff and her husband commenced this negligence action, which contained a derivative claim, against defendant and defendant Arthur Fries Refrigeration, Inc., doing business as Hoose & Fries Appliance Store and Apartments (hereinafter Hoose & Fries) seeking damages for said injuries. Plaintiff's husband died before the trial. Following a bifurcated trial, the jury returned a verdict in favor of plaintiff and her husband finding defendant 100% liable. Thereafter, defendant moved to set aside the verdict as against the weight of the evidence and for a directed verdict over and against Hoose & Fries contending that the negligence of its employees alone caused plaintiff's injuries. Supreme Court denied defendant's motion. Defendant appeals.

Trial testimony showed that Don Hallam (hereinafter Hallam) was defendant's president and treasurer. Defendant contracted with Hoose & Fries to repair the deli's refrigeration units and two of Hoose & Fries' refrigeration technicians arrived at the deli at approximately 9:00 A.M. on October 24, 1991. The store was open for business and it was necessary to open a trapdoor located in the middle of a four-foot aisle in order to obtain access to the unit's compressor located in the cellar.* The Hoose & Fries' technicians testified that they opened the trapdoor and erected a barricade around the opening using boxes of unstocked groceries and two magazine

---

* Fifteen years earlier, following a burglary, Hallam had locked the only door providing outside access to the cellar.

racks. Further testimony showed that in order to use the aisle, customers had to walk through sideways. The technicians also testified that Hallam saw them setting up the barricade but not provide any assistance. Hallam stated that he did not supervise the technicians when they were in the deli and did not provide any assistance. He admitted seeing the trapdoor open before the accident and indicated that whenever the trapdoor was open, it was procedure to position a magazine stand across the aisle a few inches in front of the trapdoor opening. On the other hand, in his testimony at his examination before trial, which was admitted during the trial, Hallam stated that there would be two or three feet between the magazine stand and the edge of the trap door. Hallam also testified that he probably had placed the stand in position across the aisle on October 24, 1991. In any event, it was undisputed that customers were permitted to walk down the aisle while the trapdoor was open.

Plaintiff testified that she entered the store on October 24, 1991 to buy cat food and a newspaper, and after picking up the cat food she started walking to the end of the aisle toward the back of the store where the counter was located to get her newspaper. As she approached the counter, she called out to a person she thought she recognized and then fell through the trapdoor sustaining injuries. She further recounted that she did not trip over anything at the time of her fall. Immediately following the accident, Hallam went outside to plaintiff's husband to tell him that his wife had been in an accident. According to deposition testimony given by plaintiff's husband, which was admitted at trial as part of plaintiff's direct case, he then went into the store, observed the opening and pointed out to Hallam that it was not completely barricaded. At that point Hallam repeatedly exclaimed that it was all his fault.

Initially, we disagree with defendant's claim that it was error for Supreme Court to admit Hallam's statement. As defendant's president, treasurer and the only person apparently vested with complete managerial responsibility to run defendant's day-to-day operations, Hallam possessed the requisite authority to speak on behalf of the corporation (see, Spett v President Monroe Bldg. & Mfg. Corp., 19 NY2d 203, 206; Geletucha v 222 Delaware Corp., 7 AD2d 315, 317) and therefore his declaration of liability was properly received as an admission binding upon it under this State's current "speaking agent" exception to the hearsay rule (see, Loschiavo v Port Auth., 58 NY2d 1040; Nordhauser v New York City Health & Hosps. Corp., 176 AD2d 787, 791). It has been held that "the

courts may set aside a jury verdict and grant a new trial when the jury's determination is palpably incorrect and a substantial injustice would be done if the verdict were sustained * * * A weight of the evidence inquiry involves a balancing of many factors * * * The operative factor in the court's determination as to whether to set aside a jury's verdict is a finding that the jury could not have reached its verdict on any fair interpretation of the evidence" *(Nordhauser v New York City Health & Hosps. Corp., supra,* at 789; *see also, Pinto v Pyramid Tire,* 193 AD2d 723, 724).

Based upon our review of the evidence in this case, we conclude that the jury's verdict finding that defendant was negligent and Hoose & Fries was not negligent does not rest upon a fair interpretation of the credible evidence, and therefore, a new trial is warranted pursuant to CPLR 4404 (a). The jury's failure to apportion liability to Hoose & Fries in the face of testimony by its employees that they opened the trapdoor and erected the makeshift barricade is simply not a fair reflection of the evidence in the record *(see, Nicastro v Park,* 113 AD2d 129, 136) and results in substantial injustice to defendant *(see, supra,* at 133). As a corollary of our review of the record, we also find no merit in defendant's motion for a directed verdict on its cross claim against Hoose & Fries. Accordingly, we reverse the orders denying defendant's motion to set aside the verdict, reverse the judgments and grant defendant a new trial limited to the issue of apportionment of liability as between defendant and Hoose & Fries, with costs to abide the event.

In light of our determination we need not reach defendant's remaining arguments.

Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order and judgment and the amended order and judgment are reversed, on the facts, with costs to abide the event, motion granted, verdict against defendant Hallam Enterprises, Inc. set aside and matter remitted to the Supreme Court for a new trial limited to the issue of apportionment of liability between defendants.