■ RONALD WRIGHT, Appellant, v RITE-AID OF NY, INC., Respondent, et al., Defendants. [672 NYS2d 548] —Order insofar as appealed from unanimously reversed on the law without costs, motion denied and complaint and cross claims against defendant Rite-Aid of NY, Inc., reinstated. Memorandum: Plaintiff commenced this action against, *inter alia,* Rite-Aid of NY, Inc. (Rite-Aid), to recover damages for personal injuries he sustained when he slipped and fell on a patch of ice near a handicapped access ramp adjacent to the entrance of a Rite-Aid drugstore. Plaintiff alleged that the ice was formed by water running off the roof and that Rite-Aid created the alleged icy condition or had actual or constructive notice of it.

Rite-Aid moved for summary judgment dismissing the complaint and cross claims against it on the ground that it did not have actual or constructive notice of the alleged icy condition. In support of its motion, it offered an attorney's affidavit, the pleadings and excerpts of plaintiff's deposition testimony. The attorney's affidavit is without evidentiary value because the attorney lacked personal knowledge of the facts (*see, Hodgson, Russ, Andrews, Woods & Goodyear v Roth,* 186 AD2d 1001, 1002). In his deposition, plaintiff testified that, although the area was icy and "glazed over", "you couldn't really see it" and "[y]ou couldn't really notice the ice". He further stated that "[i]t was iced, but you couldn't see it".

Supreme Court erred in granting the motion. Rite-Aid failed to offer evidentiary proof addressing the allegations of the complaint that it created the alleged icy condition. Rite-Aid also failed to meet its initial burden of establishing as a matter of law that it lacked actual notice of the alleged icy condition. Plaintiff's deposition testimony is insufficient to make that showing. "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" concerning that theory of liability (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Although Rite-Aid met its initial burden of establishing as a matter of law that it lacked constructive notice based on plaintiff's deposition testimony that the icy condition was not "visible and apparent", an element of constructive notice (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837), plaintiff responded with

evidentiary proof that the ice patch was "visible and apparent", creating an issue of fact.

In view of our determination, we need not address the remaining issue raised by plaintiff. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.