■ LARRY GLADSTONE et al., Respondents, v BURGER KING CORPORATION et al., Appellants, et al., Defendant. [689 NYS2d

202] —In an action to recover damages for personal injuries, etc., the defendants Burger King Corporation and Virginia Rein, as the executor of the estate of Hans Rein, a/k/a John Rein, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated December 4, 1997, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action to recover damages for injuries sustained by the plaintiff Larry Gladstone in a fall on an allegedly defective grating or drain cover (hereinafter grating) in the parking lot of a restaurant owned by the defendant Burger King Corporation and located on property owned by the defendant Virginia Rein, as executrix of the estate of Hans Rein, a/k/a John Rein (hereinafter collectively the appellants). The appellants moved for summary judgment, contending that they had no notice, either actual or constructive, prior to the commencement of the instant action, of the allegedly defective condition. The Supreme Court denied the motion, and we affirm.

The appellants had the burden of showing that as a matter of law, they lacked notice of any allegedly defective condition at the time when the injured plaintiff tripped and fell over the grating in the parking lot (see, Migli v Davenport, 249 AD2d 932; Wright v Rite-Aid of NY, 249 AD2d 931; see also, Dwoskin v Burger King Corp., 249 AD2d 358; Goldman v Waldbaum, Inc., 248 AD2d 436). However, the appellants submitted only an affidavit of the Burger King District Manager which evidenced no personal knowledge of the condition of the parking lot during the relevant time period. Thus, they failed to make out a prima facie case that they lacked notice as a matter of law. Moreover, in opposition to the motion, the plaintiffs submitted an affidavit of an expert indicating that the damage to the grating could have occurred during repaving of the lot a few months before the accident. This proof was sufficient to raise an issue of fact as to whether the appellants should be charged with constructive knowledge of the condition of the grating, which the appellants' reply failed to rebut. Under these circumstances, the court properly determined that the appellants' proof was insufficient to establish that they lacked notice as a matter of law (see, e.g., Skinner v City of Glen Cove, 216 AD2d 381; McGowan v Villa Maria Coll., 185 AD2d 674; cf., Volpe v Canfield, 237 AD2d 282). Therefore, their motion

was properly denied (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

The parties' remaining contentions are either without merit or academic in light of this determination. Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.