■ MARY POLLIO et al., Respondents, v NELSON CLEANING COMPANY, Appellant. [704 NYS2d 494] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 27, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"It is well settled that in order '[t]o prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition'" (*Goldman v Waldbaum, Inc.,* 248 AD2d 436, 437, quoting *Bradish v Tank Tech Corp.,* 216 AD2d 505, 506). On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Colt v Great Atl. &*

*Pac. Tea Co.,* 209 AD2d 294). In the instant case, the defendant met that burden. Specifically, defendant submitted evidence in the form of the deposition testimony of the injured plaintiff indicating that, in fact, she had never seen the allegedly hazardous condition until after the accident occurred, notwithstanding that she had passed through the hallway where the accident occurred several times earlier that morning.

The conclusory assertions set forth in the injured plaintiff's affidavit in opposition to the motion were insufficient to raise a triable issue of fact (*see, Hartz Mtn. Corp. v Allou Distribs.,* 173 AD2d 440). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.