■ MARGUERITE MONTUORI et al., Appellants, v TOWN OF COLONIE, Respondent. [716 NYS2d 437] —Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 13, 1999 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Marguerite Montuori (hereinafter plaintiff) fractured her left ankle in September 1997 while playing golf with her husband and others when she stepped in a hole in the rough off the green of the first hole on a golf course, known as the red course, owned and maintained by defendant.

Plaintiff and her husband commenced an action against defendant for negligence and creating or maintaining a nuisance. Defendant's answer asserted defenses of comparative negligence, assumption of risk and lack of written notice of the hole as required by Local Laws, 1981, No. 3 of the Town of Colonie.

After some discovery, defendant moved for summary judgment. Supreme Court granted the motion finding that the hole was of unknown origin, that it was hidden by grass, that plaintiffs failed to show it had been caused by defendant's agents and that there was no proof of how long the hole had existed or that it had existed for a sufficient amount of time for discovery and repair by defendant's employees. Supreme Court also found our decision in *McMullen v State of New York* (199 AD2d 603, *lv denied* 83 NY2d 753) indistinguishable and required dismissal of the complaint. Plaintiffs appeal.

As the moving party it was incumbent upon defendant to establish it maintained the red course in a reasonably safe condition, had no actual or constructive knowledge of any dangerous condition on that course and did not create the allegedly dangerous condition (*see, Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 846). The only probative submission in support of defendant's motion was the deposition testimony of David Bartlett, a senior recreation maintenance person, who testified that he did not work at the red course in 1997 but was then building another course, did not maintain any records for the golf courses and had no personal knowledge of the hole plaintiff stepped in or of any record of the hole in the maintenance or other records pertaining to the red course kept by defendant prior to plaintiff's incident. The red course maintenance records[*] were also not provided to the court in support of the motion. Bartlett described in general the procedures for course maintenance persons in place in 1997 for all defendant's golf courses touching on course inspections, the flagging and roping off of hazardous conditions, the types and frequency of mowing greens, aprons and fairways and the maintenance of the sand traps, but nothing specifically pertaining to the red course. Plaintiff argues that Bartlett's lack of personal knowledge, not having worked on the subject course during the period at issue, was fatal to defendant's motion citing *Gladstone v Burger King Corp.* (261 AD2d 357). We agree.

A party seeking summary judgment must establish their position by evidentiary proof in admissible form sufficient to warrant judgment for them as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). If the proponent of such motion does not tender evidence which would eliminate material issues of fact, the motion must be denied, regardless of the

---

[*] Although defendant's counsel averred, without contradiction, that plaintiffs' counsel was provided red course maintenance logs for the period from September 1, 1996 to September 5, 1997, those logs were not made part of the record on appeal.

sufficiency of the opposition (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). We find defendant failed to meet this burden as its only evidentiary proof to establish that it did not create the defect and lacked actual or constructive notice of the condition was the testimony of Bartlett, a maintenance employee, not a supervisor, with no personal knowledge of the condition of the red course on the date at issue, nor even in the year 1997. Viewing defendant's submissions in a light most favorable to the plaintiff (*see, Bush v Lamb-Grays Harbor Co.*, 246 AD2d 768, 771), we are unable to conclude that they provide the necessary evidentiary proof in admissible form to grant defendant's motion and on this record the motion should have been denied.

In light of this finding we need not address the other issues raised in this appeal.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion for summary judgment denied.