■ JOHN ATKINSON et al., Respondents, v GOLUB CORPORATION COMPANY, Doing Business as PRICE CHOPPER SUPERMARKETS, Appellant. [718 NYS2d 546] —Judgment unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by John Atkinson (plaintiff) when he slipped and fell on a puddle of water in the front aisle of defendant's supermarket. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, and the matter proceeded to trial. At trial, plaintiffs presented evidence that the puddle on the floor was created by a floor machine used by an independent contractor hired by defendant to clean and maintain its floors. The jury returned a verdict in plaintiffs' favor and awarded damages.

The appeal from the judgment brings up for review the order denying defendant's motion for summary judgment (*see,* CPLR 5501 [a] [1]; *Stram v Farrell,* 223 AD2d 260, 265-266). Contrary to defendant's contention, the court properly denied the motion. In moving for summary judgment, defendant bore the

initial burden of establishing that it maintained its premises in a reasonably safe condition, had no actual or constructive knowledge of the puddle on the floor and did not create the allegedly dangerous condition (*see, Montuori v Town of Colonie,* 277 AD2d 643; *Reinemann v Stewart's Ice Cream Co.,* 238 AD2d 845, 846). Plaintiff's deposition testimony that the puddle was not visible and apparent prior to the accident was sufficient to establish defendant's lack of constructive notice (*see, Pollio v Nelson Cleaning Co.,* 269 AD2d 512, 512-513; *Wright v Rite-Aid of NY,* 249 AD2d 931, 931-932). However, the deposition testimony and affidavits of defendant's employees fail to establish that defendant lacked actual notice and did not create the dangerous condition (*see, Montuori v Town of Colonie, supra; see also, Gladstone v Burger King Corp.,* 261 AD2d 357, 358).

We reject the contention that plaintiffs failed to establish at trial by a preponderance of the evidence that the accident resulted from defendant's negligence in creating the dangerous condition. Plaintiffs, relying on circumstantial evidence, presented "sufficient facts from which the negligence of the defendant and the causation of the accident by that negligence can be reasonably inferred" (*Bradish v Tank Tech Corp.,* 216 AD2d 505, 506; *see, Gayle v City of New York,* 92 NY2d 936, 937). We further reject the contention of defendant that it cannot be held liable for the negligence of its independent contractor. "[T]he owner of a retail store or other place of public assembly has a nondelegable duty to provide members of the public with reasonably safe premises * * * such as to impose purely vicarious liability upon it for a third party's negligent performance of a * * * maintenance contract" (*Salisbury v Wal-Mart Stores,* 255 AD2d 95, 97; *see, Thomassen v J & K Diner,* 152 AD2d 421, 424-425, *appeal dismissed* 76 NY2d 771, *rearg denied* 76 NY2d 889). The court properly exercised its discretion in precluding the testimony of defendant's medical expert based upon the prejudice and surprise to plaintiffs resulting from defendant's untimely disclosure (*see,* CPLR 3101 [d] [1] [i]; *cf., Connors v Sowa,* 251 AD2d 989). The court also properly exercised its discretion in permitting plaintiffs' expert to testify regarding reflex sympathetic dystrophy (*see, Matott v Ward,* 48 NY2d 455, 459-460). The court properly denied defendant's request for a missing witness charge based upon plaintiffs' failure to call an employee of the independent contractor who allegedly witnessed the accident. The request was untimely (*see, Thomas v Triborough Bridge & Tunnel Auth.,* 270 AD2d 336, 337-338) and, in any event, the employee was not under plaintiffs' control (*see, Kasman v Flushing Hosp. & Med. Ctr.,* 224 AD2d 590, 591). Defendant's further contentions with re-

spect to the court's charge have not been preserved for our review (*see,* CPLR 4110-b; *De Long v County of Erie,* 60 NY2d 296, 306). We have reviewed defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.— Negligence.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.