█ MARY PETRELL, Appellant, v VICTORY MARKETS, INC., Doing Business as GREAT AMERICAN FOOD STORES, INC., Respondent. [725 NYS2d 244] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained while shopping at defendant's supermarket. She alleges that another customer slipped and fell on a puddle in an aisle of the supermarket and slid into her, causing her to fall. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. "In moving for summary judgment, defendant bore the initial burden of establishing that it maintained its premises in a reasonably safe condition, had no actual or constructive knowledge of the puddle on the floor and did not create the allegedly dangerous condition" (*Atkinson v Golub Corp. Co.*, 278 AD2d 905, 905-906). Plaintiff's deposition testimony that the puddle was not visible and apparent prior to the accident was sufficient to establish defendant's lack of constructive notice (*see, Atkinson v Golub Corp. Co., supra*; *Pollio v Nelson Cleaning Co.*, 269 AD2d 512, 512-513). Defendant, however, failed to establish as a matter of law that it lacked actual notice or that it did not create the allegedly dangerous condition (*see, Atkinson v Golub Corp. Co., supra*; *see also, Sumell v Wegmans Food Mkts.*, 254 AD2d 702). In any event, even assuming, arguendo, that defendant met its initial burden, we nevertheless conclude that the motion should have been denied as premature. Plaintiff established that defendant had exclusive possession and control over an accident report that was "essential to justify opposition" to the motion (CPLR 3212 [f]) and that defendant failed to provide the report to plaintiff as requested (*cf., Sumell v Wegmans Food Mkts., supra*, at 703). (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Burns, JJ.