■ Awilda Navedo, Appellant, v 250 Willis Avenue Supermarket, Doing Business as Pioneer Supermarket, Respondent. [735 NYS2d 132] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered October 5, 2000, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

This is an action for damages arising from a slip and fall ac-

cident which occurred when plaintiff was pushing her cart in the household products aisle at defendant's supermarket and slipped on a puddle of liquid detergent on the floor. Plaintiff and a neighbor testified at their examinations before trial that each overheard the store manager tell a store employee that the puddle should have been cleaned up prior to the accident. The neighbor testified that she heard the store manager acknowledge that he had instructed the employee to "clean that awhile ago." The IAS court granted defendant's motion to dismiss on the ground that there was no admissible evidence that defendant had actual or constructive knowledge of the puddle. Liability in a slip and fall case requires proof of a dangerous condition and the defendant's actual or constructive knowledge of that condition prior to the fall (see, e.g., Fasolino v Charming Stores, 77 NY2d 847). Hearsay evidence may be sufficient to demonstrate the existence of a triable fact where it is not the only evidence submitted (see, Guzman v L.M.P. Realty Corp., 262 AD2d 99, 100; Koren v Weihs, 201 AD2d 268, 269). A store manager's statement is admissible on the issue of whether a defendant store had actual knowledge of an allegedly hazardous condition (Carpenter v D'Agostino Supermarkets, 270 AD2d 51). Here, plaintiff and her neighbor both overheard the manager advising the porter that he should have cleaned up the spill earlier, evidencing actual knowledge prior to the accident. A manager has the authority to bind its employer by an admission made as agent on behalf of the employer (see, e.g., Bransfield v Grand Union Co., 24 AD2d 586, affd 17 NY2d 474; Loschiavo v Port Auth. of N.Y. & N.J., 86 AD2d 624, affd 58 NY2d 1040; Kasper v Buffalo Bills of W. N.Y., 42 AD2d 87, 92). The alleged statements of the store manager, although hearsay, fall within the principal/agent admission exception and are, therefore, competent evidence on the issue of whether defendant supermarket had actual notice. Assuming that defendant met its burden of proof on the motion, plaintiff submitted sufficient admissible evidence which demonstrated the existence of triable issues of fact.

Even without consideration of the hearsay evidence of the store manager's statements, defendant's summary judgment motion should have been denied. Other deposition testimony established that the store manager was present, that he responded to the accident and that his duties included filing out accident reports. The manager apparently spoke with plaintiff and took down her answers. Plaintiff demanded production of any report created by the manager and defendant stipulated to produce such a report. Defendant did not, however, produce any report. The IAS court should have denied

defendant's motion as premature since plaintiff had established that production of such report was essential to justify opposition to the motion (CPLR 3212 [f]; *see, Petrell v Victory Mkts.*, 283 AD2d 955; *Esposito v Metropolitan Transp. Auth.*, 264 AD2d 370). Concur—Tom, J.P., Andrias, Rubin, Buckley and Friedman, JJ.