■ KENNETH BROWNE et al., Respondents, v PRIME CONTRACTING DESIGN CORP., Appellant. [764 NYS2d 269] —Judgment, Supreme Court, Bronx County (Louis Benza, J.), entered February 25, 2002, after a jury trial, in an action for the wrongful death of a passerby caused by the collapse of a parapet wall, awarding plaintiffs $1.5 million in punitive damages against defendant general contractor, unanimously affirmed, without costs.

The hearsay statements of defendant's field supervisor were properly admitted as admissions by defendant on the issue of its knowledge of the existence and extent of the danger presented by the parapet wall (see Navedo v 250 Willis Ave. Supermarket, 290 AD2d 246 [2002]). Some of these admissions,

---

2. In fact, in opposition, plaintiffs claim that agreement was never provided during discovery.

which were similarly to the effect that the wall was in danger of collapsing, were independently recollected by the witness, while others were contained in notes made by the witness that were properly admitted as business records under CPLR 4518 (*see People v Kennedy*, 68 NY2d 569, 579-580 [1986]).

Defendant's claim that the trial court failed to charge that wanton and reckless conduct had to be proven by clear and convincing evidence was not preserved by either its objection to the general burden of proof charge or its unelaborated objection to the punitive damages charge (*see McCummings v New York City Tr. Auth.*, 177 AD2d 24, 31-32 [1992], *affd* 81 NY2d 923 [1993], *cert denied* 510 US 991 [1993]). Similarly, defendant's claim that the trial court erred in not charging corporate complicity was not preserved by either its unelaborated objection to the punitive damages charge or its objection to the vicarious liability charge. In any event, any errors in these respects were harmless, given a record replete with clear and convincing evidence that defendant's superior officers were aware of the imminent danger presented by the wall, and that their failure to act was in wanton disregard of public safety. Even defendant's own expert opined that if the danger of collapse was imminent, defendant, as the general contractor, should have taken immediate action. Concur—Nardelli, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.