■ CALOGERO CANDELA et al., Appellants, v CITY OF NEW YORK et al., Respondents. [778 NYS2d 31]—

Order, Supreme Court, New York County (Michael Stallman, J.), entered on or about February 28, 2003, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion and cross motion denied and the complaint reinstated.

Plaintiffs brought this action for personal injuries as a result of injuries sustained by plaintiff Calogero Candela (plaintiff) while he was working on a construction project at West Side High School in Manhattan. At the time of the accident, plaintiff was employed by Manhattan Demolition, a subcontractor hired by defendant TDX Becom, originally a safety consultant on the project. At some point during the pendency of the project, but before plaintiff's accident, TDX was named project manager, which provided it with supervisory responsibilities over the entire project, equal to that of the general contractor.

On the date of the accident, plaintiff's duties involved scraping and cleaning mortar from the window frames in order to prepare them for the caulking contractor. To accomplish this, plaintiff remained inside the room and leaned out through the window while working on the window frames. Plaintiff claims that as he leaned out of an open window and began to scrape away the mortar, the window slammed down on his back causing him injury.

Immediately after the accident, plaintiff spoke to the TDX project manager, Ivan Badinsky, who prepared a report of the incident and sent plaintiff to the hospital. According to an affidavit submitted by plaintiff, during this discussion Badinsky told him that there was an "ongoing problem" with the windows whereby they would not remain in an open position as they were designed to do. According to plaintiff, Badinsky also stated that he almost had injured his own hand when one of the windows had unexpectedly closed on him prior to plaintiff's accident.

Plaintiffs commenced the instant action against defendants alleging common-law negligence and various Labor Law violations. Only the Labor Law § 200 and common-law negligence causes of action remain at issue on this appeal. After discovery, the contractor defendants moved for summary judgment on the ground that none of them exercised supervision or control over plaintiff's work and there was no evidence that any defendant had actual or constructive notice of the defective windows. The

City defendants cross-moved for the same relief, adopting the arguments of the contractor defendants.

In opposition, plaintiff submitted his affidavit describing his conversation with Badinsky immediately after the accident regarding the "ongoing problem" with the windows and Badinsky's near accident. In his deposition, Badinsky denies knowledge of any problem with the windows prior to plaintiff's accident.

Supreme Court granted the motion and cross motion for summary judgment and dismissed the complaint, holding that plaintiff had failed to adduce admissible evidence tending to show that defendants had actual or constructive notice of the defective window or that defendants supervised or controlled plaintiff's work. The court further held that Badinsky's statements were inadmissible hearsay that did not qualify for admission under the "speaking agent" exception since, as a matter of law, Badinsky did not have the "legal authority to make such an admission or to bind his employer as to a legal issue."

On appeal, plaintiff argues that Badinsky's statements should have been admitted under the speaking agent hearsay exception and that such statements, once admitted, were sufficient to raise a triable issue of fact as to defendants' actual notice of the defective window condition. We agree.[1]

In order to establish liability for a dangerous condition under principles of common-law negligence, a plaintiff must show that the defendant created the condition or had actual or constructive notice thereof (*see Lally v JGN Constr. Corp.*, 295 AD2d 148, 149 [2002], *lv denied* 99 NY2d 504 [2002]). The parties agree that the only evidence offered by plaintiff to establish notice are Badinsky's out-of-court statements regarding the "ongoing problem" with the windows. Although hearsay may be used to oppose a summary judgment motion, "such evidence is insufficient to warrant denial of summary judgment where it is the only evidence" submitted in opposition (*Narvaez v NYRAC*, 290 AD2d 400, 401 [2002]).

Supreme Court erred in excluding Badinsky's statements as inadmissible hearsay. In *Loschiavo v Port Auth.* (58 NY2d 1040, 1041 [1983]), the Court of Appeals held that the hearsay statement of an agent is admissible against his employer under the admissions exception to the hearsay rule where "the making of the statement is an activity within the scope of his authority" (citations omitted).

---

1. Plaintiff does not argue that defendants supervised or controlled his work, which is a prerequisite to liability under Labor Law § 200.

Our precedents support the conclusion that the breadth of Badinsky's authority was sufficient to bind his principals to his admissions.[2] For instance, in *Browne v Prime Contr. Design Corp.* (308 AD2d 372 [2003], *lv denied* 2 NY3d 702 [2004]), we held that the hearsay statements of the defendant contractor's "field supervisor" regarding his knowledge of the hazardous condition of a parapet wall were admissible against the contractor under the "speaking agent" exception to the hearsay rule. Similarly, in *Navedo v 250 Willis Ave. Supermarket* (290 AD2d 246, 247 [2002]), we reversed the trial court's holding that a postaccident statement by a store manager acknowledging that he had instructed an employee to clean a puddle in the store "awhile ago" was inadmissible hearsay. In ruling that the evidence should have been admitted against the defendant store on the issue of notice, we stated that "[a store] manager has the authority to bind its employer by an admission made as agent on behalf of the employer" (*id.*).

The record demonstrates that Badinsky possessed broad authority to act on behalf of defendants. Although TDX was originally hired as a consultant to the project, delays on the project necessitated that TDX, and more particularly Badinsky, take on an increased role. Indeed, prior to the accident, Badinsky had become the "project manager" for the site, with equal responsibility with the general contractor, and was given general supervisory responsibility over all of the trades and work done by the subcontractors. In addition, after the accident, it was Badinsky who interviewed plaintiff and ultimately sent him to the hospital. Consistent with his supervisory authority, he also inspected and photographed the area where plaintiff had been injured, directed other workers to check every window at the site to determine if they were inoperable and mandated other remedial measures, and prepared a written report on the accident.

In light of these broad duties encompassing supervision over the construction work, safety measures and preparing incident reports, we find that Badinsky was far more than a mere employee, and that he clearly had the authority to speak on behalf of defendants (*see Spett v President Monroe Bldg. & Mfg. Corp.*, 19 NY2d 203, 206 [1967]; *Johnson v Hallam Enters.*, 208 AD2d 1110, 1111 [1994]; *Kasper v Buffalo Bills of W. N.Y.*, 42 AD2d 87, 91-92 [1973]; *cf. Pascarella v Sears, Roebuck & Co.*, 280 AD2d 279 [2001]). Accordingly, we find that Badinsky's statements should have been admitted under the speaking agent

---

**2.** None of the defendants have argued that TDX, as Badinsky's employer, is the only true principal.

hearsay exception and raised an issue of fact as to whether defendants had actual notice of the defective windows. Accordingly, defendants' motion for summary judgment should have been denied. Concur—Tom, J.P., Saxe, Ellerin and Gonzalez, JJ.