**WORLD WIDE MEATS, INC., Plaintiff,**

v.

**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY,**
etc., **Defendant.**

**No. 73–C–3041–W.**

United States District Court,
N. D. Iowa, W. D.

Oct. 2, 1974.

Michael R. Mundt, Denison, Iowa, and Frederick G. Yeager, Sioux City, Iowa, for plaintiff.

Frank W. Davis, Jr., Des Moines, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on plaintiff's resisted motion for summary judgment filed August 27, 1974.

Plaintiff World Wide Meats, Inc. instituted this action under the Interstate Commerce Act, 49 U.S.C. § 1 et seq., as the shipper of goods delivered to the defendant railroad for transport in interstate commerce. Specifically, plaintiff

seeks recovery under the Carmack Amendment of 1906 to the Act, 49 U.S.C. § 20(11), for damages incurred when a shipment of frozen fabricated beef was rejected as unsatisfactory by the purchaser at its destination, the United States Naval Base in Norfolk, Virginia.

This action was removed from the Iowa District Court for Crawford County pursuant to 28 U.S.C. §§ 1441 and 1446, with original jurisdiction in this court predicated on 28 U.S.C. § 1337. Plaintiff now moves for summary judgment arguing that a prima facie case for recovery has been established by the pleadings, answers to interrogatories, admissions, and documents attached thereto.

The liability of a carrier by railroad for damages to an interstate shipment is a matter of federal substantive law governed by 49 U.S.C. § 20(11). Missouri Pacific R. Co. v. Elmore & Stahl, 377 U.S. 134, 137, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964); L. E. Whitlock Truck Service, Inc. v. Regal Drilling Co., 333 F.2d 488, 491 (10th Cir. 1964). The Carmack Amendment codified the common law rule of a carrier's liability for damages to shipment while en route, with the one modification that the initial carrier receiving the goods for interstate shipment is held liable for damages incurred along the entire route, including lines of connecting carriers. Missouri Pacific R. Co. v. Elmore & Stahl, *supra* at 137, of 377 U.S., 84 S.Ct. 1142; United States v. Mississippi Valley Barge Line Co., 285 F.2d 381, 389 (8th Cir. 1960).

Liability is imposed upon the carrier without proof of negligence unless the damage was caused by one of five exceptional circumstances.[1] Missouri Pacific R. Co. v. Elmore & Stahl,

*supra* at 137. Sarno v. Southern Pacific Co., 277 F.Supp. 628, 631 (D.Mass.1967). Plaintiff makes a prima facie case for recovery against a carrier by showing the carrier's receipt of the shipment in good condition, arrival in damaged condition, and the amount of damages. Missouri Pacific R. Co. v. Elmore & Stahl, *supra* at 138, of 377 U.S., 84 S.Ct. 1142; *Whitlock, supra* at 491, of 333 F.2d; *Sarno, supra* at 631 of 277 F.Supp.

It is the court's view that plaintiff has not established a prima facie case for purposes of ruling on the motion for summary judgment. In order for summary judgment to be granted, no genuine issue as to any material fact must remain for resolution. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944); Traylor v. Black, Sivalls & Bryson, Inc., 189 F.2d 213, 216 (8th Cir. 1951). Sufficient controversy remains here on two of the three elements which plaintiff must prove so as to render summary judgment inappropriate. *See Traylor, supra* at 216.

Plaintiff contends that the internal temperature and general good condition of the beef when delivered to defendant are established by the bill of lading and its own inspection record. While the bill of lading does state that the property described therein is "in apparent good order," this declaration is followed by the qualifying phrase, "except as noted (contents and condition of contents of packages unknown)."

Although a bill of lading can establish prima facie that the merchandise being shipped is in good condition, United States v. Mississippi Valley Barge Line Co., 285 F.2d 381, 388–389 (8th Cir. 1960), the language "in apparent

---

1. The five common law exceptions to the carrier's liability which have been judicially incorporated into the law under 49 U.S.C. § 20(11) are for damages caused by "(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." (Citations omitted.) Missouri Pacific R. Co. v. Elmore & Stahl, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed. 2d 194 (1964).

good order" has been held to apply only to those portions of the shipment which are visible and open to inspection. Blue Bird Food Products Co. v. Baltimore & Ohio R. Co., 474 F.2d 102, 104 (3rd Cir. 1973); Tuschman v. Pennsylvania R. Co., 230 F.2d 787, 791 (3rd Cir. 1956). The rationale of this holding is more cogent where as here the merchandise is boxed in cases, and the bill of lading specifically excepts from its acknowledgment of good condition the contents of packages. Hoover Motor Express Co., Inc. v. United States, 262 F.2d 832, 834 (6th Cir. 1959).

The court is also unconvinced that plaintiff's own inspection record conclusively establishes the condition of the beef at the moment of shipment. Further evidence on the sampling methodology as well as the timing of such inspection will clarify the probative value of this report, which is disputed by defendant.

■■ There also appear to be genuine issues as to the amount of damages. After rejection by the consignee, plaintiff abandoned the shipment to the delivering carrier, the Chesapeake and Ohio Railway Co., who then sold the contents of the shipment for approximately sixty percent of the original contract price. The carrier's liability under 49 U.S.C. § 20(11) is limited to the full *actual loss* caused by it, which is properly measured as the difference between the market value as delivered and the original contract price. Fraser-Smith Co. v. Chicago, Rock Island & Pacific R. Co., 435 F.2d 1396, 1400–1401 (8th Cir. 1971). Whether the procedure followed here obtained the fair market value for the beef at the time of rejection and adequately mitigated plaintiff's losses are points of factual dispute. *See* Fraser-Smith Co. v. Chicago, Rock Island & Pacific R. Co., *supra*.

It is therefore

Ordered

Motion denied.