■ CIGNA Corporation et al., Respondents-Appellants, v Lincoln National Corporation et al., Appellants-Respondents. [775 NYS2d 303]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered December 9, 2003, which, to the extent appealable, inter alia, denied the motion of defendants Lincoln National Corporation and Lincoln National Life Insurance Company (collectively Lincoln) for summary judgment and denied the motion of plaintiffs CIGNA Corporation and Connecticut General Life Insurance Company (collectively CIGNA) for partial summary judgment on CIGNA's claims for breach of contract and for a declaration that Lincoln is required to provide a defense and indemnification with respect to the settlement of claims asserted against CIGNA by 37 of 49 individual investors, unanimously affirmed, with costs.

CIGNA, which sold its CIGNA Financial Services affiliate to Lincoln, seeks reimbursement for the cost of defending and settling a suit brought against it in New Jersey Superior Court captioned *D'Andrea v CIGNA Securities.* Reimbursement is sought by CIGNA pursuant to the indemnity provision of the parties' asset transfer and acquisition agreement. Because "the four corners of the complaint suggest . . . a reasonable possibil-

ity of coverage" (*Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 648 [1993]) under the agreement's indemnification provision, Lincoln, which had notice of the action, improperly declined to provide CIGNA with a defense and is therefore bound by the settlement made by CIGNA to the extent that it was reasonable and entered into in good faith (*Baker v Northeastern Indus. Park,* 73 AD2d 753, 754 [1979]; *see also Shihab v Bank of N.Y.,* 211 AD2d 430, 431 [1995]).

We reject Lincoln's contention that CIGNA was not exposed to any liability in the *D'Andrea* action. Lincoln itself sought to impose upon CIGNA any liability attributable to the alleged misconduct of CIGNA's former financial advisor. Lincoln further violated its contractual obligation to hold CIGNA harmless by seeking coverage under CIGNA's insurance program, which is subject to a $10 million deductible. Thus, CIGNA has demonstrated that it was exposed to potential liability in the underlying action as the result of Lincoln's default under the indemnification provision of the contract (*see Goldmark Indus. v Tessoriere,* 256 AD2d 306, 307 [1998]; *Coleman v J.R.'s Tavern,* 212 AD2d 568, 568-569 [1995]).

The record does not permit an assessment of the reasonableness of CIGNA's settlement of the *D'Andrea* litigation. The proffered evidence consists largely of documents prepared and exchanged for purposes of settlement, which are inadmissible to prove either liability or the value of the claims (*Universal Carloading & Distrib. Co. v Penn Cent. Transp. Co.,* 101 AD2d 61, 62-63 [1984]; *Brummer v State of New York,* 25 AD2d 245, 248-249 [1966]).

Finally, CIGNA does not deny that it failed to support its application to renew its motion with respect to lack of notice of three claims asserted by spouses of *D'Andrea* plaintiffs with any new evidence. Thus, this aspect of CIGNA's motion sought reargument, the denial of which is not appealable. Concur—Tom, J.P., Saxe, Ellerin and Lerner, JJ.