■ 82 Retail LLC, Respondent-Appellant, v Eighty Two Condominium et al., Appellants-Respondents. [986 NYS2d 106]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 19, 2012, which granted so much of defendants' motion as sought to dismiss all claims as against the individual defendants and the seventh and eighth causes of ac-

tion and the request for punitive damages as against defendants Eighty Two Condominium and Board of Managers of the Eighty Two Condominium, and denied so much of the motion as sought to dismiss the first through sixth causes of action as against the condominium and the board, unanimously modified, on the law, to declare, upon the second cause of action, that plaintiff may not use its commercial unit for every purpose permitted by the Zoning Regulation but is bound by the Condominium Documents (as defined in defendant Eighty Two Condominium's declaration), including, at a minimum, the fifth amendment to the offering plan, to grant the motion to dismiss as to the fourth and sixth causes of action, and otherwise affirmed, without costs.

Plaintiff owns the sole commercial unit in defendant condominium, which also contains seven residential units. At the time plaintiff purchased its unit, the fifth amendment to the condominium's offering plan said, "The commercial space will not be used as a restaurant, bar or similar noise causing use," and its declaration stated, "[N]o Amendment to the Condominium Documents [which include the condominium's declaration and bylaws] shall be adopted which would . . . change the permitted use of any Unit . . . , unless the owner of such . . . Unit shall consent thereto."

On May 19, 2011, defendant board adopted an amendment to the condominium's bylaws, over the objection of plaintiff's representative on the board. The individual defendants are the other board members. On September 20, 2011, the residential unit owners outvoted plaintiff to adopt an amendment to the condominium's declaration. Plaintiff contends that the May and September amendments changed the permitted use of its unit; defendants contend that they merely clarified the permitted use.

As of November 16, 2011, plaintiff leased its unit to nonparty GSR Yogurt Union Square LLC. GSR had the right to terminate the lease if the May 2011 amendment was not rescinded or annulled within 90 days. Plaintiff offered to pay the condominium $50,000 if the board rescinded the amendment on or before December 31, 2011, but the board did not do so. GSR eventually exercised its right to terminate the lease.

We cannot conclude, as a matter of law, that "a restaurant, bar or similar noise causing use" includes a frozen yogurt shop; the phrase is ambiguous (*see generally Whitebox Convertible Arbitrage Partners, L.P. v Fairfax Fin. Holdings, Ltd.*, 73 AD3d 448, 451 [1st Dept 2010]; *Blue Jeans U.S.A. v Basciano*, 286 AD2d 274, 275-276 [1st Dept 2001]). Similarly, we cannot

conclude, as a matter of law, that the 2011 amendments constituted mere clarifications as opposed to changes in the permitted use of plaintiff's unit.

However, the fifth amendment to the offering plan clearly prohibits plaintiff from using its unit as an "[e]ating or drinking establishment[ ] with entertainment, but not dancing, with a capacity of 200 persons or fewer." Hence, plaintiff is not entitled to a declaration that, in effect, it may use its unit for any purpose permitted by the Zoning Regulation.

The motion court correctly declined to dismiss the first cause of action (for a declaration that the 2011 amendments were null and void) on the ground that plaintiff had an adequate remedy at law (*see Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 148 [1983], *cert denied* 464 US 993 [1983]). Furthermore, plaintiff contends that the existence of the amendments is a continuing breach, for which damages may not provide an adequate remedy (*see Bartley v Walentas*, 78 AD2d 310, 314 [1st Dept 1980]).

The fourth and sixth causes of action, for breach of fiduciary duty, are duplicative of the third and fifth causes of action, for breach of contract (*see Brasseur v Speranza*, 21 AD3d 297, 298 [1st Dept 2005]; *William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [1st Dept 2000]).

Since GSR did not breach the lease, the court correctly dismissed the seventh cause of action, for tortious interference with contract (*see e.g. NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 620-621 [1996]).

The eighth cause of action asserting a derivative cause of action was properly dismissed by the court because it is based solely on vindicating plaintiff's personal interests. Further, the eighth cause of action alleges, inter alia, that by refusing plaintiff's offer of $50,000 and a release of his right to seek damages in exchange for the board's rescission of the May 2011 amendment, the condominium was caused to incur unnecessary legal fees. CPLR 4547 and well-settled judicial policy preclude the introduction of evidence of settlement negotiations "to prove either liability or the value of the claims" (*CIGNA Corp. v Lincoln Natl. Corp.*, 6 AD3d 298, 299 [1st Dept 2004]; *see also Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, 182-183 [1st Dept 1998], *lv dismissed* 92 NY2d 962 [1998]). Moreover, plaintiff's allegations do not support a claim for punitive damages.

Since the second, fourth, sixth, seventh and eighth causes of action are dismissed, the only causes of action on which the individual defendants might be held liable are the first (declaratory judgment), third (breach of contract, pleaded as an alterna-

tive to the first cause of action), and fifth (breach of contract). The court correctly dismissed those causes of action as against the individual defendants (*Hixon v 12-14 E. 64th Owners Corp.*, 107 AD3d 546, 547 [1st Dept 2013], *lv denied* 22 NY3d 862 [2014]; *Fletcher v Dakota, Inc.*, 99 AD3d 43, 47 [1st Dept 2012]).

We have considered the appealing parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Friedman, Sweeny, Saxe and Freedman, JJ.