82 Retail LLC v Eighty Two Condominium (2018 NY Slip Op 00628)





82 Retail LLC v Eighty Two Condominium


2018 NY Slip Op 00628


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Sweeny, J.P., Manzanet-Daniels, Webber, Kahn, Moulton, JJ.


152956/12 5597 5596

[*1]82 Retail LLC, Plaintiff-Respondent,
v
The Eighty Two Condominium, et al., Defendants-Appellants.


Braverman Greenspun, P.C., New York (Tracy Peterson of counsel), for appellants.
Coritsidis & Lambros, PLLC, New York (Jeffrey A. Gangemi of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 8, 2017, in favor of plaintiff and against defendants in the amount of $616,635, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's motion for summary judgment on the first and fifth causes of action denied, and the matter for further proceedings. Order and judgment (one paper), same court and Justice, entered February 22, 2017, insofar as it declared that the bylaw amendment adopted on May 19, 2011 and the Second Amendment of Declaration dated September 22, 2011 (together, the 2011 amendments) are null and void, unanimously reversed, on the law, without costs, and the declaration vacated. Appeal from said order and judgment, insofar as it granted plaintiff's motion for summary judgment on the first cause of action, for declaratory relief, and the fifth cause of action, for breach of contract, and denied defendants' motion for summary judgment dismissing those claims, unanimously dismissed, without costs, as subsumed in th the appeal from the March 8, 2017 judgment.
This Court previously found that the language of the fifth amendment to the offering plan for defendant condominium was ambiguous with respect to whether a frozen yogurt shop was a permissible use of plaintiff's commercial unit (see 82 Retail LLC v Eighty Two Condominium, 117 AD3d 587, 588 [1st Dept 2014]). This Court also stated that it could not conclude, as a matter of law, "that the 2011 amendments constituted mere clarifications as opposed to changes in the permitted use of plaintiff's unit" (id. at 588-589).
This Court's prior ruling constitutes the law of the case, and there is no basis to disturb it (see Kenney v City of New York, 74 AD3d 630 [1st Dept 2010]). Accordingly, the motion court should not have determined as a matter of law that the fifth amendment permitted frozen yogurt shops, and that the 2011 amendments violated the condominium's declaration because they constituted a change in the permitted use of the space, without plaintiff's consent (see id.).
There are issues of fact to be resolved by a jury as to whether the fifth amendment was intended to prohibit a lease to a frozen yogurt shop (see Hartford Acc. & Indem. Co. v [*2]Wesolowski, 33 NY2d 169, 172 [1973]). Although there was testimony that food establishments that were not noisy and did not involve cooking were permitted, defendants offered evidence that all of the parties understood that any food establishment was prohibited in the commercial unit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK