GRAY MANUFACTURING COMPANY, Respondent-Appellant, v. PATHE INDUSTRIES, INC., et al., Appellants-Respondents.—Order, entered May 12, 1969, unanimously modified, on the law, to strike the provision for a reference, to strike the provision for the holding of judgment in abeyance, and to award recovery to plaintiff against defendants jointly and severally for the total sum of $191,473.06, together with interest thereon, as prayed for in the complaint, and order otherwise affirmed, with $50 costs and disbursements to the plaintiff. We conclude that Special Term correctly reasoned that the plain and unambiguous terms of the provisions of the contract between the parties coveverd the liabilities of Virginia Metal Products, Inc., as asserted in the civil antitrust actions brought in Illinois against it and others. The defendants declined the opportunity of defending the several antitrust actions and, under the contract, were thus required to indemnify the plaintiff for the reasonable sums paid by it in good faith in settlement of the actions, together with the reasonable attorneys' fees and expenses incurred by plaintiff in connection with defending and settling the suits. (See *Feuer* v. *Menkes Feuer, Inc.*, 8 A D 2d 294; cf. *Federal Ins. Co.* v. *Atlantic Nat. Ins. Co.*, 25 N Y 2d 71.) Of course, in a particular case, issues of fact may be presented on the questions of the indemnitee's good faith in effecting a settlement, on the reasonableness of the sums paid, and on the attorneys' fees and expenses incurred by the indemnitee. But, in every case, on an application for summary judgment, it is incumbent on the court to examine the affidavits and proofs submitted to ascertain if there is any real issue for trial. (See *General Investment Co.* v. *Interborough R. Tr. Co.*, 235 N. Y. 133; *Hanna* v. *Mitchell*, 202 App. Div. 504, affd. 235 N. Y. 534; *Oxford Paper Co.* v. *S. M. Liquidation Co.*, 45 Misc 2d 612.) Here, the plaintiff presented a clear factual showing justifying a matter of law determination of its good faith in making the particular settlement payments and of the reasonableness of the sums claimed as incurred and paid. Under the circumstances, the defendants were bound to come forward with proof of evidentiary facts showing the existence of a genuine and substantial issue as to good faith or reasonableness. Lacking the appearance of such an issue, this court is entitled to and should dispose of the matter on the law, and direct judgment for the plaintiff in the amounts established and claimed. (See *O'Meara Co.* v. *National Park Bank*, 239 N. Y. 386; *Wayne County Produce Co.* v. *Duffy-Mott Co.*, 244 N. Y. 351; *Fair Pavilions* v. *First Nat. City Bank*, 19 N Y 2d 512.) We note that the defendants point out that the 1966 settlement was a " package " settlement involving other parties and including previously settled matters, and that defendants also contend that the plaintiff received benefits or considerations in connection with the settlement other than a release of the litigation covered by the indemnity. But, with due consideration for the. defendants' arguments and contentions in this connection, we conclude that the record fails to show a genuine and substantial issue of fact bearing upon the good faith of the plaintiff and the reasonableness of the sums sought to be recovered. It is settled, of course, that a motion for summary judgment may not be defeated by arguments, and contentions " based upon surmise, conjecture and suspicion ". (*Shapiro* v. *Health Ins. Plan*, 7 N Y 2d 56, 63; see, also, *Ball* v. *United Artists Corp.*, 13 A D 2d 133; *Di Sabato* v. *Soffes*, 9 A D 2d 297; *Bank for Sav. in City of N. Y.* v. *Rellim Constr. Co.*, 260 App. Div. 70, affd. 285 N. Y. 708.) Finally, it is noted that the opposing affidavits submitted by the defendants on plain-

tiff's motion for summary judgment failed to challenge in any way the reasonableness of the attorneys' fees and expenses paid and incurred by the plaintiff. Concur — Stevens, P. J., Eager, Tilzer, Markewich and McNally, JJ.