■ LAURA A. LACANFORA, an Infant by Her Mother and Natural Guardian, VERA LACANFORA, et al., Appellants, v. BERTHA GOLDAPEL et al., Respondents, et al., Defendant.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment for the Supreme Court, Kings County, entered June 3, 1970 in favor of defendants Goldapel and Blumberg after a nonjury trial on the issue of liability only. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. In October, 1965 the infant plaintiffs, then about 11 and 7 years old, were residents of 2075 Walton Avenue, Bronx County. Diagonally opposite their residence was 2090 Walton Avenue, in the wall of which, abutting the public sidewalk, was a recessed door, approximately five feet high and three feet wide, covered with a metal sheeting, enframed in wood, having neither handle nor lock on the side exposed to the public way, bearing no sign, designed to be locked from within and, if opened suddenly by the force of a body leaning upon it, exposed the leaner to the risk of a 12-foot fall to a basement floor. The door was recessed about three or four inches and was on or above a ledge about four inches above the ground. Inside, above the 12-foot drop, the ledge extended six to eight inches. When the infant plaintiffs leaned on the door while speaking to their friends, the door suddenly opened, causing them to fall to the basement floor. Contrary to Trial Term's finding, we find that the conduct of the infant plaintiffs was a foreseeable deviation from the public way and, hence, the complaint should not have been dismissed. A possessor of land who maintains thereon an excavation or other artificial condition so near a public way that he should foresee that it involves an unreasonable risk to users of that way who, without intending to leave it, may deviate therefrom, is under a duty to use care to prevent injury to the users of the way (see *Hayes* v. *Malkan*, 26 N Y 2d 295, 299; 2 Harper & James, Law of Torts, § 27.4; Restatement, 2d, Torts, §§ 368–369; 46 N. Y. Jur., Premises Liability, § 91). During the trial the court struck testimony as to the condition of the door frame, indicating that the question of negligence in maintenance was relevant only when there was shown a duty on the part of the defendant to guard against a foreseeable risk. A proffer of photographic proof of the condition of the door and of expert evidence of such condition was rejected and withheld. In the context of this case, this was error and a new trial is necessary. Hopkins, Acting P. J., Munder, Latham, Christ and Brennan, JJ., concur.