■ HORN CONSTRUCTION CO., INC., Respondent, v MT SECURITY SERVICE CORP., Appellant, et al., Defendant. — In an action to recover damages for breach of an indemnity contract, defendant MT Security Service Corp. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (DiPaola, J.), entered February 27, 1984, as awarded plaintiff the principal sum of $650,000 payable by appellant, upon a jury verdict.

Judgment affirmed, insofar as appealed from, with costs.

On a previous appeal concerning the instant matter, we held that "defendants are bound by any reasonable good-faith settlement made by the current plaintiff in the earlier action" (*Horn Constr. Co. v MT Sec. Serv. Corp.,* 97 AD2d 786). After considering all of the facts presented in this record, we find that Horn has met its burden of proving that the settlement it entered into of the underlying action was reasonable. Moreover, ample evidence exists to support the jury's finding that Horn could have been found liable had it proceeded to trial in the underlying action.

Contrary to appellant's assertions, the trial court did not err in refusing to charge the jury as to the law of constructive notice. The evidence established that, had the underlying action gone to trial, the jury could have found that the conditions at the construction site were inherently dangerous, and the wooden beams, which ultimately caused the accident, had been utilized for a sufficient length of time for Horn to have become aware of the dangers (*see, Batton v Elghanayan,* 43 NY2d 898; *Burden v Cadillac Developers Massapequa Corp.,* 19 AD2d 716, *affd* 14 NY2d 523). Since Horn should have reasonably foreseen that injury could result from the conditions it created, a finding of liability would have been justified in that underlying action (*see, Paul v Kagan,* 92 AD2d 988; *Lacanfora v Goldapel,* 37 AD2d 721).

We have reviewed appellant's other contentions and have found them to be without merit. We therefore affirm the judgment, insofar as appealed from. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.