■ TAMARA COLEMAN, Plaintiff, v J.R.'s TAVERN, INC., Appellant, and HYNES REALTY, INC., Respondent. [622 NYS2d 334] —In an action to recover damages for personal injuries, the defendant J.R.'s Tavern, Inc., appeals, from so much of a judgment of the Supreme Court, Putnam County (Hickman, J.), dated August 10, 1993, which is in favor of the defendant Hynes Realty, Inc., and against it in the principal sum of $158,275.71.

Ordered that the judgment is affirmed, with costs.

This negligence action to recover damages for personal injuries sustained by the plaintiff, Tamara Coleman, stems from an altercation that began at the exit of J.R.'s Tavern on March 24, 1985, at about 2:20 A.M. The defendant J.R.'s Tavern, Inc. (hereinafter J.R.'s Tavern), leased the premises from the landowner, the defendant Hynes Realty, Inc. (hereinafter the Hynes Realty). The plaintiff's complaint alleges that both the defendant J.R.'s Tavern and the defendant Hynes Realty were negligent in maintaining the elevated walkway and the staircase leading to a ground-level parking lot outside of the tavern.

On March 28, 1990, the plaintiff settled her action against J.R.'s Tavern for $780,000. On June 5, 1992, Hynes Realty settled with the plaintiff for $100,000 and preserved its cross claim for contractual indemnification against J.R.'s Tavern.

Contrary to the appellant's contention, the Supreme Court did not err in granting the defendant Hynes Realty summary judgment on its cross claim for contractual indemnification against the defendant J.R.'s Tavern. When an indemnitor has notice of the claim against it, the general rule is that the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make *(see, Gray Mfg. Co. v Pathe Indus.,* 33 AD2d 739, *affd* 26 NY2d 1045; *Fashion House v K Mart Corp.,* 892 F2d 1076, 1094). In the present action Hynes Realty presented a clear showing that it had

made a reasonable settlement, in good faith, with the plaintiff and that it could have been found liable if it had proceeded to trial *(see, Horn Constr. Co. v MT Sec. Serv. Corp.,* 111 AD2d 220). The record reveals that the plaintiff had suffered severe injuries and that Hynes Realty might have been found liable to the plaintiff because of its alleged failure to place railings and a handrail along the elevated platform and the stairway down which the plaintiff was pushed during the altercation and because of Hynes Realty's failure to remove the broken glass that had accumulated at the bottom of the steps and that caused the plaintiff to suffer serious injuries. Since J.R.'s Tavern failed to come forward with evidentiary proof showing the existence of material issues of fact regarding Hynes Realty's good faith and the reasonableness of its settlement, the Supreme Court properly granted summary judgment to Hynes Realty on the issue of indemnification *(see, Gray Mfg. Co. v Pathe Indus.,* 33 AD2d 739, *supra).* Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.