■ GOLDMARK INDUSTRIES, LTD., Respondent, v JOSEPH L.A. TESSORIERE, Appellant. [681 NYS2d 327] —In an action to recover damages for breach of an indemnity agreement, the defendant appeals from (1) an order of the Supreme Court, Queens County (LeVine, J.), dated August 26, 1997, which granted the plaintiff's motion to confirm the report of a Judicial Hearing Officer (Leviss, J.H.O.) dated January 10, 1997, and denied the defendant's cross motion to reject the report, and (2) a judg-

ment of the same court entered September 4, 1997, which is in favor of the plaintiff and against him in the principal sum of $400,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, he was obligated under the terms of the indemnification contract to indemnify the plaintiff for the amount it paid to settle a claim asserted against it by a third party. "When an indemnitor has notice of the claim against it, the general rule is that the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make" (*Coleman v J.R.'s Tavern,* 212 AD2d 568; *see also, Gray Mfg. Co. v Pathe Indus.,* 33 AD2d 739, *affd* 26 NY2d 1045). In the instant case there was ample evidence in the record that the defendant received such notice, that the plaintiff made a reasonable settlement in good faith, and that the plaintiff could have been held liable if it had proceeded to trial (*see, Coleman v J.R.'s Tavern, supra,* at 569; *Horn Constr. Co. v MT Sec. Serv. Corp.,* 111 AD2d 220). Therefore, the defendant was obligated to indemnify the plaintiff for the settlement amount.

The defendant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.