■ FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, Appellant, v FIRST NEW YORK TITLE & ABSTRACT LTD., Respondent. [707 NYS2d 112] —In an action to recover damages for breach of an indemnity agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered March 4, 1999, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is granted.

The plaintiff Fidelity National Title Insurance Company of New York, entered into an Agency Agreement with the defendant First New York Title & Abstract Ltd., to solicit and originate applications for title insurance, prepare abstracts of title, examine titles to real estate, prepare and issue binders and reports of title, and issue policies of title insurance in New York State. On December 30, 1992, the defendant issued, on the plaintiff's behalf, a title report for real property located in Garden City, New York. The title report was prepared for an application for mortgage title insurance to be issued to the plaintiff's insureds, Willi Vollerthun and Melinda E. Vollerthun, in connection with a mortgage given by the fee owner of that property to the Vollerthuns in return for a $50,000 loan. Schedule B to the title report erroneously stated that three prior mortgages on the property held by Long Island

Savings Bank (hereinafter LISB) had been consolidated to form a single first lien in the sum of $140,000. The report should have stated that only the second and third mortgages were consolidated to form a lien of $140,000 and that the first mortgage in the sum of $80,000 constituted a separate lien. Based on the error in the title report, the defendant issued a title insurance policy to the Vollerthuns, insuring their mortgage in the lien status of a second mortgage when in reality, they held a tertiary position behind the $140,000 mortgage and the $80,000 mortgage held by LISB. LISB eventually foreclosed on its mortgages and satisfied the first mortgage and partially satisfied the second consolidated mortgage. Had the Vollerthuns' mortgage been subject only to the consolidated mortgage of $140,000, they would have recovered approximately $37,000 from the surplus that was realized from the foreclosure sale of the property. However, as a result of their tertiary position, they recovered nothing from the sale.

The Vollerthuns made a claim with the plaintiff, which was settled after the foreclosure sale for approximately $20,000. Thereafter, the plaintiff commenced this suit, under the terms of the Agency Agreement with the defendant. The complaint alleged that the defendant was obligated to indemnify the plaintiff for the losses it incurred as a result of the defendant's alleged "breach of its agency contract in, inter alia, failing to exercise due diligence and reasonable care in abstracting and examining title to the subject property, in negligently reporting the state of such title, in improperly insuring the Vollerthun mortgage, and in failing to keep in place errors and omissions coverage to indemnify [the plaintiff] for such loss". The Supreme Court denied the plaintiff's motion for summary judgment. We reverse.

The plaintiff established a prima facie case of its entitlement to summary judgment and the defendant has failed to raise a triable issue of fact requiring a trial.

Contrary to the defendant's contention, it was obligated under the terms of the Agency Agreement to indemnify the plaintiff for the amount the plaintiff paid to settle the claim asserted against it by the Vollerthuns. " 'When an indemnitor has notice of the claim against it, the general rule is that the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make' " (*Goldmark Indus. v Tessoriere,* 256 AD2d 306, 307, quoting *Coleman v J.R.'s Tavern,* 212 AD2d 568, 569). In the instant case, there was ample evidence in the record that the defendant received such notice, that the plaintiff made a reasonable settlement in good

faith, and that the plaintiff could have been held liable if it had proceeded to trial (*see, Goldmark Indus. v Tessoriere, supra*). Therefore, the defendant was obligated to indemnify the plaintiff for the settlement amount.

The defendant's contention that the plaintiff's claim is barred by either the doctrine of laches or the Statute of Limitations is without merit (*see, Matter of Moynihan v Moyers Corners Fire Dept.*, 254 AD2d 584, 585; *Oliver Chevrolet v Mobil Oil Corp.*, 249 AD2d 793). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.