■ MICHAEL R. MUSILLI, Respondent, v KOHLER COMPANY et al., Respondents, and SOUTH PROFESSIONAL SALES-SERVICE EXPRESS et al., Appellants. [857 NYS2d 403]—

Appeals from an order of the Supreme Court, Erie County (John M. Curran, J.), entered February 7, 2007 in a personal injury action. The order, inter alia, denied the summary judgment motion of defendant Charles A. Harrington Associates, Inc.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained during the course of his employment at a Home Depot store when a shower door manufactured by defendant Kohler Company (Kohler) fell from its display and struck him. Supreme Court properly denied that part of the

cross motion of defendant South Pro Sales, Inc., doing business as Service Express, incorrectly sued as South Professional Sales-Service Express (South Pro), seeking summary judgment dismissing the supplemental complaint and cross claim of defendant Charles A. Harrington, Inc. (Harrington) with respect to the issue whether South Pro had constructive notice of the allegedly defective condition of the shower door display. We reject at the outset the contention of South Pro that it did not owe a duty of care to plaintiff. The record establishes that South Pro had entered into a comprehensive service contract with Kohler that placed "full responsibility" on South Pro to ensure, inter alia, that the Kohler shower door displays were in safe condition and in full repair. The contract further required South Pro to inspect the displays at the subject Home Depot store every two weeks, to establish a strong working relationship with that store and to train Home Depot's management with respect to Kohler's products. We thus conclude that, based on the terms of the contract between South Pro and Kohler, there is an issue of fact on the record before us whether South Pro's contract with Kohler was so " 'comprehensive and exclusive' [that it] . . . entirely displaced [Home Depot's] duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002], quoting *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]).

Contrary to the further contention of South Pro, the court properly concluded that it failed to establish as a matter of law that it lacked constructive notice of the allegedly defective condition of the shower door display (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). It is undisputed that the shower door that struck plaintiff was attached to the display with self-tapping screws and that such screws were insufficient to secure the display. Because South Pro was required by its contract with Kohler to inspect the display every two weeks, we agree with the court that there is an issue of fact whether South Pro had constructive notice of the defective condition of the display (*see generally Atkinson v Golub Corp. Co.*, 278 AD2d 905, 905-906 [2000]).

The court also properly denied the motion of Harrington, Kohler's representative to the subject Home Depot store prior to South Pro, seeking summary judgment dismissing the supplemental complaint and cross claim of South Pro against it. Harrington failed to meet its initial burden of establishing that it did not owe a duty of care to plaintiff, inasmuch as it failed to establish in support of its motion that it did not install the shower door display and thus that it did not " 'launch[ ] a force

or instrument of harm' " (*Espinal*, 98 NY2d at 140). We further conclude that Harrington failed to establish as a matter of law that it did not create the allegedly defective condition and that it did not have actual or constructive notice of that condition (*see generally Atkinson*, 278 AD2d at 905-906). Present— Martoche, J.P., Centra, Lunn, Fahey and Gorski, JJ.