■ MITCHELL SLEPIAN, Plaintiff, v ENID MOTELSON et al., Respondents, and FORD MOTOR CREDIT COMPANY, Defendant and Third-Party Plaintiff-Appellant. DOME PROPERTY MANAGEMENT, INC., Third-Party Defendant-Respondent. [888 NYS2d 98]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, Ford Motor Credit Company, appeals (1) from an order of the Supreme Court, Richmond County (Maltese, J.), dated February 25, 2008, which denied its motion for summary judgment on its cross claim for indemnification and in its favor on the third-party complaint, without prejudice to renew after the conclusion of a trial in related actions, and (2), as limited by its brief, from so much of an order of the same court dated August 29, 2008, as denied its renewed motion for summary judgment on its cross claim for indemnification and in its favor on the third-party complaint.

Ordered that the appeal from the order dated February 25, 2008 is dismissed, as that order was superseded by the order dated August 29, 2008; and it is further,

Ordered that the order dated August 29, 2008 is affirmed insofar as appealed from, and its further,

Ordered that one bill of costs is awarded to the respondents.

This case arises out of an automobile accident which occurred on July 1, 2000 when the decedent Steven Motelson was driving a 1998 Ford Explorer which he leased, along with the third-party defendant Dome Property Management, Inc. (hereafter Dome), from the defendant third-party plaintiff Ford Motor Credit Company (hereafter FMCC). Four passengers were riding in the vehicle including the plaintiff, Mitchell Slepian. The plaintiff commenced this action against the decedent's estate and FMCC, among others, to recover damages for personal injuries he allegedly sustained as a result of the subject accident. FMCC ultimately settled with the plaintiff in the sum of $1,750,000. Pursuant to an indemnification provision in the lease between itself, the decedent, and Dome, FMCC moved for summary judgment on its cross claim for indemnification against the defendant Michael Motelson, as administrator of the estate of Steven Motelson, and on the third-party complaint against Dome, seeking, in effect, to recoup its settlement payout to the plaintiff and legal costs incurred in defending itself in this action. The Supreme Court denied the motion, and FMCC's renewed motion, and we affirm.

Where, as here, " 'an indemnitor has notice of the claim against it, the general rule is that the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make' " (*Goldmark Indus. v Tessoriere*, 256 AD2d 306, 307 [1998], quoting *Coleman v J.R.'s Tavern*, 212 AD2d 568, 568 [1995]).

Here, FMCC met its initial burden of demonstrating entitlement to judgment as a matter of law on its contractual indemnification claim by tendering sufficient evidence establishing that Michael Motelson and Dome received the requisite notice, that it made a reasonable settlement in good faith, and that it could have been held liable if it had proceeded to trial (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Fidelity Natl. Tit. Ins. Co. of N.Y. v First N.Y. Tit. & Abstract*, 269 AD2d 560 [2000]; *Shihab v Bank of N.Y.*, 211 AD2d 430 [1995]).

In response to FMCC's prima facie showing, however, Michael Motelson and Dome demonstrated that triable issues of fact exist as to whether FMCC entered into the settlement in good faith, and as to the amount of legal costs FMCC seeks to re-

cover in its defense to this action (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly denied FMCC's renewed motion for summary judgment.

FMCC's remaining contention is academic in light of our determination. Dillon, J.P., Eng, Belen and Hall, JJ., concur.