■ Joseph Freehill, Plaintiff, v ITT Sheraton Corporation, Respondent, and St. James Mechanical, Inc., et al., Appellants. [902 NYS2d 373]—

In an action to recover damages for personal injuries, the defendants St. James Mechanical, Inc., and SJM, Inc., appeal from a judgment of the Supreme Court, Queens County (Schulman, J.), entered December 16, 2008, which, upon an order of the same court dated September 26, 2008, inter alia, granting that branch of the motion of the defendant ITT Sheraton Corporation which was, in effect, for summary judgment on its cross claim for contractual indemnification asserted against them, is

in favor of the defendant ITT Sheraton Corporation and against them in the total sum of $1,331,397.26.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellants' contention, the action was not marked "off," stricken from the calendar, or unanswered on a clerk's calendar call pursuant to CPLR 3404 (*see Long-Waithe v Kings Apparel Inc.*, 10 AD3d 413, 414 [2004]; *see also Matter of L & Q Realty Corp. v Assessor*, 71 AD3d 1025 [2010]; *Baez v Kayantas*, 298 AD2d 416 [2002]; *Matter of Transtechnology Corp. v Assessor*, 71 AD3d 1034 [2010]).

As to the merits, "[w]hen an indemnitor has notice of the claim against it, the general rule is that the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make" (*Coleman v J.R.'s Tavern*, 212 AD2d 568, 568 [1995]; *see Slepian v Motelson*, 66 AD3d 871, 872 [2009]; *Fidelity Natl. Tit. Ins. Co. of N.Y. v First N.Y. Tit. & Abstract*, 269 AD2d 560, 561 [2000]; *Goldmark Indus. v Tessoriere*, 256 AD2d 306, 307 [1998]). Here, the defendant ITT Sheraton Corporation (hereinafter ITT) established its entitlement to judgment as a matter of law on its cross claim for contractual indemnification against the defendants St. James Mechanical, Inc., and SJM, Inc. (hereinafter together SJM), by submitting evidence that SJM received such notice, that ITT made a reasonable settlement in good faith, and that ITT could have been held liable if it had proceeded to trial (*see Fidelity Natl. Tit. Ins. Co. of N.Y. v First N.Y. Tit. & Abstract*, 269 AD2d at 561-562; *Goldmark Indus. v Tessoriere*, 256 AD2d at 307; *Coleman v J.R.'s Tavern*, 212 AD2d at 569). In opposition to that showing, SJM failed to raise a triable issue of fact. Therefore, SJM was obligated to indemnify ITT for the settlement amount paid by ITT to the plaintiff.

SJM's remaining contentions are not properly before this Court or without merit. Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.