■ CHRISTOPHER NESTERCZUK et al., Plaintiffs, v GOLDIN MANAGEMENT, INC., et al., Appellants-Respondents, and ALISA CONSTRUCTION CO., INC., Respondent-Appellant, et al., Defendants. (And a Third-Party Action.) [911 NYS2d 367]—

In an action to recover damages for personal injuries, etc., the defendants Goldin Management, Inc., and Park Slope Terrace, LLC, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Partnow, J.), entered September 22, 2008, as, upon a jury verdict in favor of them and against the defendant Alisa Construction Co., Inc., in the total sum of $120,625.35, and, upon an order of the same court dated November 20, 2007, inter alia, denying that branch of the renewed joint motion of the defendants Goldin Management, Inc., and Park Slope Terrace, LLC, which was for summary judgment on the cross claim of Park Slope Terrace, LLC, for contractual indemnification against the defendant Alisa Construction Co., Inc., to the extent it sought reimbursement of a settlement payment in the total sum of $475,000, paid by its insurer to the plaintiffs on behalf of the defendants Goldin Management, Inc., and Park Slope Terrace, LLC, and denying those branches of the renewed joint motion which were for summary judgment on the cross claims of the defendant Goldin Management, Inc., for common-law indemnification and, in effect, for contractual indemnification against the defendant Alisa Construction Co., Inc., awarded the defendant Park Slope Terrace, LLC, the total sum of only $120,625.35 on its cross claim for contractual indemnification against the defendant Alisa Construction Co., Inc., and the defendant Alisa Construction Co., Inc., cross-appeals from the same judgment, which, upon a jury verdict finding it 100% at fault for the happening of the incident, is in favor of the defendant Park Slope Terrace, LLC, and against it in the total sum of $120,625.35, and awarded the defendant Park Slope Terrace, LLC, prejudgment interest on the award for contractual indemnification.

Ordered that the judgment is modified, on the law, by deleting from the first decretal paragraph thereof the total sum of $120,625.35; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs payable to the defendant Park Slope Terrace, LLC, by the defendant Alisa Construction Co., Inc., that branch of the renewed joint motion of the defendants Goldin Management, Inc., and Park Slope Terrace, LLC, which was for summary judgment on the cross claim of the defendant Park Slope Terrace, LLC, for contractual indemnification against the defendant Alisa Construction Co., Inc., for reimbursement of the settlement payment made by its

insurer to the plaintiffs on its behalf is granted, the order dated November 20, 2007, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine what portion of the settlement payment in the sum of $475,000 was paid on behalf of the defendant Park Slope Terrace, LLC, and for the entry thereafter of an appropriate amended judgment.

On June 16, 2004, the plaintiff Christopher Nesterczuk was assaulted by an intruder in the parking lot of certain premises that are part of the defendant Park Slope Terrace Condominium (hereinafter the condominium). The injured plaintiff and his wife, derivatively, commenced this action to recover damages for personal injuries, against, among others, the defendants Park Slope Terrace, LLC, the sponsor and developer of the condominium (hereinafter the sponsor), Goldin Management, Inc., the management company of the condominium (hereinafter the management company), and Alisa Construction Co., Inc., the general contractor (hereinafter the contractor). In their joint verified answer to the supplemental complaint, the sponsor and the management company, inter alia, interposed cross claims for contractual and common-law indemnification against the contractor.

Pursuant to a construction contract to develop the condominium between the sponsor and the contractor, the contractor agreed, inter alia, to indemnify the sponsor and its representatives against all claims, demands, or liability for damages (including attorney's fees) to persons or to property arising out of the execution of its work, and at its own expense to defend any suit or action brought against the sponsor and its representatives founded upon the claim of such damage. The contractor also agreed to be responsible and liable for all costs, disbursements, and expenses, including attorney's fees, incurred by the sponsor, only, as a result of the sponsor having to defend or take part in any action or proceeding which directly or indirectly related to acts or omissions of the contractor (hereinafter the indemnification clause).

Before the trial, the management company moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the sponsor separately moved for conditional summary judgment on its cross claims for contractual and common-law indemnification against the contractor, and the contractor cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motions and cross motion, finding issues of fact requiring a trial. Thereafter, the sponsor

and management company settled with the plaintiffs for the total sum of $475,000, which their insurer, Greater New York Mutual Insurance Company, paid on their behalf. A trial on the issue of liability ensued at which the jury found the contractor 100% at fault for the happening of the incident. Thereafter, the sponsor, inter alia, renewed that branch of its motion which was for summary judgment on its cross claim for contractual indemnification against the contractor. The management company joined in that motion, seeking summary judgment on its cross claim for common-law indemnification.

In an order dated November 20, 2007, the Supreme Court, upon determining that the management company was not a representative of the sponsor, granted the renewed motion only to the extent that the sponsor was awarded its presettlement defense costs and expenses. The Supreme Court, however, denied that branch of the renewed motion which was for summary judgment on the sponsor's cross claim for contractual indemnification against the contractor to the extent it sought reimbursement of the settlement payment in the total sum of $475,000, and denied that branch of the renewed motion which was for summary judgment on the management company's cross claim for common-law indemnification against the contractor. The Supreme Court further determined that to the extent the management company was seeking contractual indemnification against the contractor, such relief also was not available.

Contrary to the contractor's contention, on its motion for summary judgment it failed to meet its prima facie burden of establishing that it did not owe a duty to the injured plaintiff based on one of the three exceptions to the general rule that breach of a contractual obligation is insufficient to impose tort liability to a noncontracting third party (*see Church v Callanan Indus.*, 99 NY2d 104 [2002]; *Golisano v Keeler Constr. Co., Inc.*, 74 AD3d 1915 [2010]; *Musilli v Kohler Co.*, 50 AD3d 1600 [2008]). One of the recognized exceptions to this rule exists where the plaintiff has suffered injury as a result of reasonable reliance upon the defendant's continuing performance of a contractual obligation (*see Church v Callanan Indus.*, 99 NY2d at 111-112; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-141 [2002]; *see also* Prosser and Keeton, Torts § 92, at 658 [5th ed]; Restatement [Second] of Torts § 324A [c]; *cf. Vignapiano v Herbert Constr. Co.*, 46 AD3d 544, 545 [2007]).

Here, the contractor failed to establish, prima facie, that the injured plaintiff did not sustain injury because he reasonably relied upon the contractor's continuing performance of certain security measures it undertook at the condominium during its

construction. Since the contractor failed to meet its initial burden as the movant, this Court need not review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Contrary to the Supreme Court's determination, the sponsor was entitled to reimbursement of the settlement payment made on its behalf to the plaintiffs. "When an indemnitor has notice of the claim against it, the general rule is that the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make" (*Coleman v J.R.'s Tavern*, 212 AD2d 568, 568 [1995]; *see Goldmark Indus. v Tessoriere*, 256 AD2d 306 [1998]). Where the record establishes that the indemnitor received such notice, the indemnitee made a reasonable settlement in good faith, and the indemnitee "could have been held liable if it had proceeded to trial," the indemnitor is obligated to indemnify the indemnitee for the settlement amount (*Fidelity Natl. Tit. Ins. Co. of N.Y. v First N.Y. Tit. & Abstract*, 269 AD2d 560, 562 [2000]).

Here, the sponsor established its entitlement to judgment as a matter of law on that portion of its cross claim which was for contractual indemnification covering the settlement it paid to the plaintiffs by showing that the contractor was on notice of the plaintiffs' claims against the sponsor, the reasonable possibility that those claims were encompassed by the indemnification clause, that the settlement was reasonable and made in good faith, and that the sponsor could have been found liable to the plaintiffs (*see Slepian v Motelson*, 66 AD3d 871, 872 [2009]). Furthermore, contrary to the contractor's contention, the voluntary payment doctrine is not applicable to the sponsor's settlement payment to the plaintiffs (*cf. Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525 [2003]) and thus, is not a bar to the sponsor's contractual indemnification cross claim against it (*see Cunha v City of New York*, 12 NY3d 504, 509 [2009]; *Rosado v Proctor & Schwartz*, 66 NY2d 21 [1985]). Since we find that the sponsor is entitled to contractual indemnification from the contractor, it is not necessary to address its cross claim for common-law indemnification (*see Cunha v City of New York*, 12 NY3d at 510).

However, the Supreme Court properly denied that branch of the management company's renewed cross motion which was for summary judgment, in effect, on its cross claim for contractual indemnification against the contractor. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed (*see Levine*

*v Shell Oil Co.*, 28 NY2d 205, 211 [1971]; *Kurek v Port Chester Hous. Auth.*, 18 NY2d 450, 456 [1966]). The intention to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]; *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]; *Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.*, 107 AD2d 450, 452 [1985], *affd* 65 NY2d 1038, 1040 [1985]).

Here, the management company failed to establish that pursuant to the contract between the sponsor and the contractor, the management company was considered to be the sponsor's "representative" and, thus, entitled to indemnification from the contractor. Rather, the evidence established that the management company, although retained by the sponsor before the first election of the condominium's board of managers, was retained on behalf of, and at all times was employed by, the condominium.

Further, as to the management company's claim for common-law indemnification against the contractor, since the management company was sued for its own active negligence, and not based on a theory of vicarious liability or a nondelegable duty, it was not entitled to common-law indemnification from the contractor (*see Esteva v Nash*, 55 AD3d 474, 475 [2008]).

Contrary to the contractor's contention, the sponsor was entitled to prejudgment interest on the award for contractual indemnification, computed from the date of its settlement with the plaintiff (*see Bethlehem Steel Corp. v Youngstown Cartage Co.*, 79 AD2d 902 [1981]; *see generally* 23 NY Jur 2d Contribution, Indemnity and Subrogation § 99, at 208-209; *JPMorgan Chase & Co. v Travelers Indem. Co.*, 73 AD3d 9 [2010]). Finally, in light of the contractor's settlement with the plaintiffs during the trial on the issue of damages, and our determination that the contractor is liable for contractual indemnification but not common-law indemnification, the contractor's remaining contention that the jury's apportionment of fault between it and the nonparty assailant was contrary to the weight of the evidence is without merit (*see* CPLR 1602 [1] [a]). Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur.