# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**38**
**CA 14-01220**
PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

JASON THOME, PLAINTIFF,

V

BENCHMARK MAIN TRANSIT ASSOCIATES, LLC, PICONE
CONSTRUCTION CORPORATION, AND CHRISTA
CONSTRUCTION, LLC, DEFENDANTS.
---------------------------------------------       MEMORANDUM AND ORDER
CHRISTA CONSTRUCTION, LLC, THIRD-PARTY
PLAINTIFF-RESPONDENT,

V

INDUSTRIAL POWER & LIGHTING CORP., THIRD-PARTY
DEFENDANT-RESPONDENT,
AND FISHER CONCRETE, INC., THIRD-PARTY
DEFENDANT-APPELLANT.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (ARTHUR A. HERDZIK OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

HISCOCK & BARCLAY, LLP, BUFFALO (MICHAEL E. FERDMAN OF COUNSEL), FOR
THIRD-PARTY PLAINTIFF-RESPONDENT.

FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R.
Glownia, J.), entered April 10, 2014. The order, among other things,
denied in part the motion of third-party defendant Fisher Concrete,
Inc. for leave to serve a second amended third-party answer.

It is hereby ORDERED that said appeal from the order insofar as
it denied the motion to preclude expert testimony is unanimously
dismissed, and the order is modified on the law by granting that part
of the motion seeking leave to serve a second amended third-party
answer to assert the affirmative defense that the settlement among
plaintiff, defendant-third-party plaintiff, and third-party defendant
Industrial Power & Lighting Corp. was not reasonable, and as modified
the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
personal injuries he allegedly sustained when a lift he was operating
fell into a hole at a construction site. Defendant-third-party

plaintiff, Christa Construction, LLC (Christa), commenced a third-party action against third-party defendants, Industrial Power & Lighting Corp. (IPL) and Fisher Concrete, Inc. (Fisher). Supreme Court granted plaintiff's motion for summary judgment on, inter alia, his Labor Law § 240 (1) claim but, on a prior appeal, this Court concluded that there was a triable issue of fact whether plaintiff's actions were the sole proximate cause of his injuries and denied that part of the motion (*Thome v Benchmark Main Tr. Assoc., LLC*, 86 AD3d 938, 939-940). Plaintiff, Christa, and IPL later settled the main action and the third-party action with respect to IPL.

Fisher made three separate motions seeking several different forms of relief. In its first motion, Fisher sought partial summary judgment dismissing IPL's cross claims and summary judgment dismissing Christa's claims for contribution and indemnification. In its second motion, Fisher moved for leave to serve a second amended answer to the third-party complaint, seeking to assert several additional affirmative defenses including the affirmative defense that the settlement among plaintiff, Christa and IPL was not reasonable. In its third motion, Fisher sought an order precluding Christa and IPL from introducing testimony from an expert witness. In addition, IPL moved for summary judgment dismissing Fisher's cross claims against it. The court granted that part of Fisher's motion for partial summary judgment seeking dismissal of Christa's claim for contribution, but denied the remainder of that motion. The court also granted in part Fisher's motion for leave to serve a second amended third-party answer, but denied that part of the motion seeking to assert the affirmative defense that the settlement among plaintiff, Christa, and IPL was not reasonable. Furthermore, the court denied without prejudice Fisher's motion to preclude expert testimony. Finally, the court granted IPL's motion to dismiss Fisher's cross claims against IPL. Fisher now appeals.

We note at the outset that we dismiss the appeal insofar as it concerns Fisher's motion to preclude. In that motion, Fisher sought to preclude Christa and IPL from calling an expert to testify that Fisher violated certain provisions of the Industrial Code, on the ground that the Industrial Code provisions that formed the basis for the expert's testimony did not apply. Generally, an order denying a motion in limine, even when "made in advance of trial on motion papers[,] constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Cotgreave v Public Adm'r of Imperial County (Cal.)*, 91 AD2d 600, 601; *see Winograd v Price*, 21 AD3d 956, 956). "Inasmuch as those parts of the order herein merely adjudicated the admissibility of evidence and do not affect a substantial right, no appeal lies as of right from those parts of the order" (*Innovative Transmission & Engine Co., LLC v Massaro*, 63 AD3d 1506, 1507 [internal quotation marks and brackets omitted]; *see Angelicola v Patrick Heating of Mohawk Val., Inc.*, 77 AD3d 1322, 1323).

Fisher contends that the court abused its discretion in denying that part of its motion seeking leave to assert in its second amended third-party answer the affirmative defense that the settlement among

plaintiff, Christa, and IPL was not financially reasonable.  We agree, and we therefore modify the order accordingly.

" 'Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend . . . is committed to the sound discretion of the court' " (*Palaszynski v Mattice*, 78 AD3d 1528, 1528; *see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959).  Pursuant to CPLR 3018 (b), a party must plead as an affirmative defense "all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading" (*id.; see generally Wooten v State of New York*, 302 AD2d 70, 73, *lv denied* 1 NY3d 501).  Furthermore, "[w]henever a defendant feels the need to deny something not mentioned in the complaint, the defendant should transform the 'denial' into an affirmative defense and plead it as such" (Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:15, at 314).  Consequently, we agree with Fisher that the amendment at issue was proper because the settlement had not occurred when the third-party complaint and Fisher's initial and amended third-party answers were served.  Thus, the settlement could not have been "mentioned in the complaint" (*id.*), nor could the affirmative defense have been raised in the initial or amended third-party answers.

Christa contends that the court properly denied the motion seeking leave to amend because the proposed amendment is patently without merit in light of "the general rule [] that the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make" (*Fidelity Natl. Tit. Ins. Co. of N.Y. v First N.Y. Tit. & Abstract*, 269 AD2d 560, 561 [internal quotation marks omitted]; *see Caruso v Northeast Emergency Med. Assoc., P.C.*, 85 AD3d 1502, 1507; *Goldmark Indus. v Tessoriere*, 256 AD2d 306, 307).  We reject that contention.  It is well settled that, "[w]here a party voluntarily settles a claim, [the party] must demonstrate that [it] was legally liable to the party whom [it] paid and that the amount of [the] settlement was reasonable in order to recover against an indemnitor" (*HSBC Bank USA v Bond, Schoeneck & King, PLLC*, 55 AD3d 1426, 1428 [internal quotation marks omitted]).  Christa failed to submit any evidence establishing that the settlement was reasonable (*cf. Nesterczuk v Goldin Mgmt., Inc.*, 77 AD3d 800, 804; *Freehill v ITT Sheraton Corp.*, 74 AD3d 876, 877; *Fidelity Natl. Tit. Ins. Co. of N.Y.*, 269 AD2d at 561-562), and we therefore conclude that the court abused its discretion in determining that such general rule should apply to bar Fisher's proposed affirmative defense.

Fisher's contention that the court erred in granting IPL's motion for summary judgment dismissing Fisher's cross claim for indemnification against IPL, because Fisher is an intended third-party beneficiary of the indemnification clause in the contract between Christa and IPL, is without merit for the reasons stated in the court's bench decision.  Fisher's remaining contention was raised for the first time in its reply papers, and it is "well settled that contentions raised for the first time in reply papers are not properly

before [us]" (*Jacobson v Leemilts Petroleum, Inc.*, 101 AD3d 1599, 1600; *see Nick's Garage, Inc. v Liberty Mut. Fire Ins. Co.*, 120 AD3d 967, 968).

Entered:  February 6, 2015                                    Frances E. Cafarell
                                                             Clerk of the Court