█ Leon Holdings, LLC et al., Respondents, v Northville Industries Corp., Appellant. [22 NYS3d 111]—

In an action, inter alia, for indemnification and to recover damages for breach of contract and pursuant to Navigation Law § 181, the defendant appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), dated December 5, 2013, which denied its pre-answer motion pursuant to CPLR 3211 (a) to dismiss the amended complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) to dismiss the amended complaint is granted.

The defendant formerly leased property used as a gas station. In 1992, during the term of the defendant's tenancy, there was a petroleum spill on the property, and the defendant entered into a stipulation with the New York State Department of Environmental Conservation (hereinafter DEC) to remediate the premises. Prior to remediation, the defendant entered into an agreement to assign its interest in the lease to C.P. Service Station Operating Corp. (hereinafter CP), allegedly affiliated with Tartan Corporation (hereinafter Tartan), both Delaware corporations. The assignment agreement required the defendant to remediate the premises according to DEC standards, and contained certain indemnification provisions in favor of CP. The defendant performed remediation and received a letter from the DEC confirming that no further action was required to remediate the property. Tartan subsequently sold its assets to the plaintiff Leon Petroleum, LLC (hereinafter, together with the plaintiff Leon Holdings, LLC, Leon), and the lease to the gas station was assigned to Leon. CP and Tartan then filed certificates of voluntary dissolution with the Delaware Secretary of State in February 2000.

More than three years after CP and Tartan dissolved, they were sued by certain municipal parties, which alleged that the groundwater in their jurisdictions was contaminated with certain petroleum additives. The actions were removed to federal court, and Leon settled the actions on behalf of CP and Tartan. Leon then commenced this action to recover, under the common law and the contract between the defendant and CP, and pursuant to Navigation Law § 181, the costs of defending and indemnifying those parties in the federal actions. Leon also sought direct damages for purported remediation costs stemming from the 1992 petroleum spill. The defendant filed a pre-answer motion to dismiss the amended complaint, inter alia, pursuant to CPLR 3211 (a) (1). The Supreme Court denied the motion.

Contrary to the Supreme Court's determination, the defendant conclusively established, through documentary evidence, that CP and Tartan had a complete defense to the federal actions. In particular, pursuant to Delaware statute, CP and Tartan, having been dissolved more than three years before the federal actions were commenced, were not amenable to suit (*see* Del Code Ann, tit 8, § 278; *McCagg v Schulte Roth & Zabel LLP*, 74 AD3d 620, 626 [2010]; *Marsh v Rosenbloom*, 499 F3d 165, 172 [2d Cir 2007]; *see generally In re Krafft-Murphy Co., Inc.*, 82 A3d 696, 705 [Del 2013]). Although, as the court observed, the DEC opened a "spill case" against CP and Tartan with respect to the subject property in 1999, which had not been closed at the time of commencement of the federal actions, the Delaware statute only extends a corporation's existence beyond the three-year period after dissolution for the purpose of a particular action or proceeding commenced prior to the expiration of that period (*see* Del Code Ann, tit 8, § 278). Since the DEC spill case was distinct from the federal actions, it did not act to extend the existence of CP and Tartan for the purpose of commencing the federal actions.

To recover a settlement from an indemnitor who had prior notice of the settled claim, an indemnitee must demonstrate not only notice to the indemnitor and that it made a reasonable settlement in good faith, but also that the indemnitee "could have been held liable if it had proceeded to trial" (*Freehill v ITT Sheraton Corp.*, 74 AD3d 876, 877 [2010]; *see Nesterczuk v Goldin Mgt., Inc.*, 77 AD3d 800, 804 [2010]; *Slepian v Motelson*, 66 AD3d 871 [2009]; *Fidelity Natl. Tit. Ins. Co. of N.Y. v First N.Y. Tit. & Abstract*, 269 AD2d 560, 561-562 [2000]; *Goldmark Indus. v Tessoriere*, 256 AD2d 306 [1998]; *Coleman v J.R.'s Tavern*, 212 AD2d 568, 568 [1995]; *Horn Constr. Co. v MT Sec. Serv. Corp.*, 111 AD2d 220 [1985]). The defendant here demonstrated that Leon, which settled the actions on behalf of CP and Tartan, would not have been held liable had it proceeded to trial because CP and Tartan had no potential exposure to liability in the federal actions. Therefore, the defendant conclusively established, as a matter of law, a defense to Leon's indemnification claims, asserted under the common law and the contract, and pursuant to Navigation Law § 181.

In addition, to the extent that Leon sought to recover purported remediation costs in connection with the 1992 petroleum spill, the defendant conclusively demonstrated a defense to those claims, through documentary evidence in the form of its contract with CP. In particular, the defendant demonstrated that, having received a "no further action" letter

from the DEC which was never challenged either administratively or in a CPLR article 78 proceeding, it performed its remediation obligations under that contract. Therefore, under the terms of the contract, the defendant was relieved of any further obligation or liability in that regard.

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the amended complaint. Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.