**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1383
_____

JOCELYN MANSHIP; JULIE WEISMAN

v.

JASON STEIN; HERBERT STEIN; HARRIS STEIN
Appellants
_____

On Appeal from the United States District Court for the
District of New Jersey

(District Court No. 2:21-cv-10389)

District Court Judge: Honorable Madeline Cox Arleo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 5, 2024
_____

Before: KRAUSE, SCIRICA, and RENDELL, *Circuit Judges*

(Filed: December 5, 2024)
_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Defendant-Appellants Jason Stein, Herbert Stein, and Harris Stein ("the Steins") appeal from the District Court's denial of their motion for summary judgment and grant of Plaintiff-Appellees Jocelyn Manship and Julie Weisman's motion for summary judgment. The Steins urge that the District Court erred by (1) finding that the Settlement Agreement and Indemnification Agreement could coexist, (2) holding that Appellees needed to prove only "potential" as opposed to "actual" liability to be entitled to indemnification, and (3) finding that Appellees did not waive their right to indemnification. We will affirm.

I.

The Steins, Manship, and Weisman were shareholders of Natural Flavors, Inc. ("Natural Flavors"). In 2017, Natural Flavors entered into an Asset Purchase Agreement ("APA") to sell its assets to Firmenich Inc. ("Firmenich"). In 2019, after the sale was consummated, Firmenich sued the Steins, Manship, Weisman, and Natural Flavors in the Superior Court of Delaware ("Delaware Action"), alleging misrepresentations in and breaches of obligations under the APA. Manship and Weisman retained Saiber LLC ("Saiber"), to litigate the Delaware Action, while the Steins retained Greenberg Traurig, LLP ("Greenberg Traurig").

Manship and Weisman believed themselves to be blameless in the Delaware Action and considered filing crossclaims against the Steins. Instead, however, they entered into an Indemnification Agreement with the Steins, whereby the Steins agreed to indemnify Manship and Weisman against any losses related to the Delaware Action.

2

Manship and Weisman, in turn, agreed to allow the Steins to approve counsel to defend them in the Delaware Action and to waive any conflicts of interest that might arise from such representation. The Steins chose Greenberg Traurig to represent Manship and Weisman. Although Saiber—Manship and Weisman's then-current counsel—contacted Greenberg Traurig, no party took steps to replace Manship and Weisman's counsel and Saiber remained on the case.

The Delaware Action went to mediation in late 2020 and came to a settlement agreement by early 2021. It was clear during the mediation that the parties would not be able to reach an agreement without contributions from all shareholders (including Manship and Weisman). As a result, Manship and Weisman contributed the minimum payment Firmenich would accept from them under the parties' negotiations. The final Settlement Agreement included releases of known and unknown claims between Firmenich on one side and various other parties on the other.[1] The parties all agreed to bear their own costs for the settlement. The Settlement Agreement also included an integration clause providing that the final agreement superseded all previous agreements between the parties related to settling the Delaware Action.

Once the Delaware Action had settled, Manship and Weisman sought indemnification from the Steins based on the Indemnification Agreement. The Steins

---

[1] The relevant released claims in the agreement were between: (1) Firmenich on one side and the Steins on the other, (2) Firmenich on one side and Manship and Weisman on the other, and (3) Firmenich on one side and Natural Flavors on the other. **J.A. 190–92.**

3

refused, so Manship and Weisman brought suit for breach of contract. Each party subsequently moved for summary judgment.

Manship and Weisman urged that they were entitled to indemnification based on the plain language of the Indemnification Agreement. The Steins urged that the language of the Settlement Agreement superseded the language of the Indemnification Agreement, and that Manship and Weisman waived their right to indemnification by contributing to the settlement and continuing to use their original lawyers. The District Court considered the language of the Indemnification Agreement and its interaction with the Settlement Agreement and found that the two contracts addressed different issues and could therefore coexist with one another. Next, the District Court concluded that Manship and Weisman were entitled to indemnification because they had shown that they would be potentially liable but for the settlement. Lastly, the District Court found that Manship and Weisman had not waived their right to indemnification by contributing a payment to the Settlement Agreement or continuing to use their own counsel after the consummation of the Indemnification Agreement. This appeal followed.

## II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of an award of summary judgment, applying the same standard as the district court. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is warranted when, viewing the evidence in the light most favorable to the non-moving party (here, Appellants), there are no genuine issues of material fact, and the non-movant

4

is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020).

III.

A. Supersedure

Like the District Court, we apply New York law.[2] Under New York law, a subsequent contract supersedes a prior contract where the contracts pertain to "precisely the same subject matter" or where the subsequent contract "has definitive language indicating it revokes, cancels or supersedes [the] specific prior contract." *Alessi*, 578 F. Supp. 3d at 504 (quoting *A & E Television Networks, LLC v. Pivot Point Ent., LLC*, No. 10 Civ. 09422, 2013 WL 1245453, at *10 (S.D.N.Y. Mar. 27, 2013)); *see also Applied Energetics, Inc. v. NewOak Cap. Markets, LLC*, 645 F.3d 522, 526 (2d Cir. 2011) ("Under New York law, '[i]t is well established that a subsequent contract regarding the

---

[2] The Indemnification Agreement is governed by New York law and the Settlement Agreement is governed by Delaware law. Neither party challenges the District Court's decision to apply New York law. We agree that under the choice-of-law rules of the forum state—New Jersey—there is no reason to disturb the parties' contractual choice of law. *See Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183–84 (3d Cir. 2017) (explaining that, "[o]rdinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice" absent certain exceptional circumstances). Moreover, to the extent that Delaware law may govern the supersedure analysis, it does not conflict with New York law. *Compare Haft v. Dart Grp. Corp.*, 841 F. Supp. 549, 568 (D. Del. 1993) (a new contract supersedes an old one where they govern the same subject matter and cannot coexist, or where parties expressly intend for the new contract to supersede the old one) *and BioVeris Corp. v. Meso Scale Diagnostics, LLC*, No. CV 8692-VCMR, 2017 WL 5035530, at *7 n. 71 (Del. Ch. Nov. 2, 2017) (same), *aff'd*, 202 A.3d 509 (Del. 2019) *with Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*, 578 F. Supp. 3d 467, 504 (S.D.N.Y. 2022) (same).

same matter will supersede the prior contract.'" (quoting *Barnum v. Millbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1236 (S.D.N.Y. 1994))).

A court, in conducting this analysis, must consider whether (1) the subsequent contract contains an integration clause indicating that the prior provision is superseded; (2) the two provisions have the same general purpose or address the same general rights; and (3) the two provisions can coexist or work in tandem. *Alessi*, 578 F. Supp. 3d at 504.

We agree with the District Court's conclusion that the Settlement Agreement did not supersede the Indemnification Agreement. First, the Settlement Agreement's integration clause does not sufficiently indicate an intent to supersede the Indemnification Agreement. A contract must contain "definitive language" demonstrating which prior agreement, if any, will be superseded. *Globe Food Servs. Corp. v. Consol. Edison Co. of N.Y.*, 584 N.Y.S.2d 820, 821 (N.Y. App. Div. 1992); *see also Mallad Constr. Corp. v. Cnty. Fed. Sav. & Loan Ass'n*, 298 N.E.2d 96, 99 (N.Y. 1973) (a clause explicitly naming the prior contract to be superseded was sufficiently definitive). No such language occurs in the Settlement Agreement, which includes only a general statement about its scope with respect to the Delaware Action. Such imprecise language does not indicate an intent to supersede the Indemnification Agreement.

Next, although the Indemnification Agreement and the Settlement Agreement both relate to the Delaware Action, they do not conflict. As the District Court explained, the parties to the agreements and "the nature and extent of [the] obligation[s] in each agreement are drastically different." Joint Appendix ("J.A.") 6; *see also Nat'l Lab. Rels.*

6

*Bd. v. Newark Elec. Corp.*, 14 F.4th 152, 167 (2d Cir. 2021) (supersedure applies only where "two successive agreements governing the same subject matter are entered into by identical parties"). The Indemnification Agreement is exclusively between Manship and Weisman, the Steins, and Natural Flavors, while the Settlement Agreement is between Firmenich, Manship and Weisman, the Steins, and Natural Flavors. The Indemnification Agreement covers all losses by Manship and Weisman relating to the Delaware Action, while the Settlement Agreement resolves only claims between Firmenich and various parties. The Settlement Agreement says nothing to preclude Manship and Weisman's reimbursement by the Steins; it only considers their interactions with Firmenich.

Finally, because the parties' obligations are reconcilable—of Manship and Weisman to pay their own costs in the settlement, and of the Steins to reimburse Manship and Weisman for costs they incurred in relation to the Delaware Action—the Indemnification Agreement and Settlement Agreement can coexist. *Cf. A & E Television Networks, LLC*, 2013 WL 1245453, at *11 (S.D.N.Y. Mar. 27, 2013) (finding an agreement to negotiate "anticipates" a later agreement regarding how to negotiate). Therefore, the Settlement Agreement did not supersede the Indemnification Agreement.

### B. Potential versus actual liability

The District Court concluded that Manship and Weisman were entitled to indemnification because they demonstrated that they would have been potentially liable but for the settlement. The Steins do not dispute that Manship and Weisman have proved that they were potentially liable, rather, they urge that the District Court erred in requiring Manship and Weisman to prove potential liability, rather than actual liability, in assessing

whether they were entitled to indemnification. Under New York law, an indemnitee seeking indemnification for a settlement must prove either potential or actual liability to be successful, depending on the circumstances underlying the settlement. *Atl. Richfield Co. v. Interstate Oil Transp. Co.*, 784 F.2d 106, 112 (2d Cir. 1986). An indemnitee need only prove potential liability if (1) the settlement is reasonable, and (2) the indemnitor had notice of the proposed settlement such that it had a "meaningful opportunity to defend" but "decline[d] either to approve the settlement or to take over the defense." *Id.* at 112–13. Otherwise, the indemnitee must show actual liability. *Id.* at 112. This rule has evolved to avoid situations in which an indemnitee might agree to unreasonable settlements without getting the approval of the indemnitor, because it (that is, the indemnitee) knows that it will not actually have to pay out the settlement. *See, e.g.*, *id.* at 113; *Nesterczuk v. Goldin Mgmt., Inc.*, 911 N.Y.S.2d 367, 371 (N.Y. App. Div. 2010) (requiring potential, not actual, liability where settlement was reasonable and made in good faith).

Here, Manship and Weisman contributed a relatively small payment to the settlement once it became clear that the settlement could not proceed if they did not contribute. Their contribution was reasonable—it made up a small percentage of the total settlement amount, and represented the minimum negotiated amount needed to resolve the case. By contrast, had they not contributed to the settlement, Manship and Weisman would have risked being held jointly and severally liable for the entirety of a multi-million dollar judgment. We agree with the District Court that Appellees' settlement contribution was reasonable. *Cf. Koch Indus., Inc. v. Aktiengesellschaft*, 727 F. Supp. 2d

8

199, 225 (S.D.N.Y. 2010) ("In the context of indemnification, courts routinely find settlements to be 'reasonable' when the recovery at trial could have been greater.").

The Steins also had adequate notice of the settlement: they were parties to settlement negotiations, and, prior to agreeing to the settlement contribution, Manship and Weisman's attorney suggested to the Steins' attorney that Manship and Weisman contribute to the settlement, and that the Steins repay them afterward. On the whole, then, the District Court correctly concluded that Appellees were entitled to indemnification, as they demonstrated that they were potentially liable, but for their settlement contribution.

## C. Waiver

Separately, the Steins urge that Manship and Weisman waived their right to indemnification under the Indemnification Agreement for two reasons. First, they urge that Manship and Weisman waived their right by voluntarily paying into the settlement. Second, they urge that Manship and Weisman waived their right by not taking active steps to engage the Steins' counsel to defend them.

The Steins submit that Manship and Weisman's settlement contribution amounts to waiver of their right to indemnification because (1) the Steins were "already negotiating a global settlement which would resolve all claims against them" and (2) the Steins expressly advised Manship and Weisman that they would not indemnify them for the contribution. Appellants' Br. 29. The first argument is easily dispensed with: it is clear from the record that a settlement could not go forward without contributions from all shareholders, including Manship and Weisman. The second argument is also unpersuasive. While Manship and Weisman understood that the Steins were perhaps ill-

9

prepared to comply with their obligations under the Indemnification Agreement, they nevertheless contributed to the settlement with the understanding that the Steins were obligated to repay them. Under those circumstances, we cannot conclude that Appellees' settlement contribution represents a knowing, voluntary, and intentional abandonment of their right to indemnification. *See Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 850 N.E.2d 653, 658 (N.Y. 2006).

Appellees' failure to substitute counsel also does not constitute waiver. Under the Indemnification Agreement, Manship and Weisman did not need to take active steps to retain the Steins' counsel. The Agreement allowed the Steins to approve counsel for Manship and Weisman and waived any conflicts of interest that might arise from the Steins' selection. Even so, Manship and Weisman's counsel reached out to the Steins' counsel, whom the Steins had selected, to facilitate Manship and Weisman's transfer to the new attorneys. After that contact, no party acted to replace Manship and Weisman's counsel. Manship and Weisman did not renege on the terms of the Indemnification Agreement and did not waive their right to indemnification for that reason.

IV

Because the Settlement Agreement did not supersede the Indemnification Agreement and Manship and Weisman did not waive their rights to indemnification, we will affirm the District Court's order.

10